Fannie R. BRAXTON, Appellant,

v.

UNITED STATES of America and Department of Health & Human Services.

No. 86–1504.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) Feb. 25, 1987.

Decided April 29, 1987.

John J. Fonash, III, Steinberg and Girsh, P.C., Philadelphia, Pa., for appellant.

Barbara Koppa Gerolamo, Asst. U.S. Atty., Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Philadelphia, Pa., for appellees.

Before WEIS, BECKER, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The issue in this case is whether counsel's lapse in monitoring service of process coupled with a private process server's unexplained failure to timely serve a complaint pursuant to Fed.R.Civ.P. 4 is a proper ground for dismissal of the suit. We conclude that inadvertence does not excuse compliance with the Rule. We further decide that a letter sent by a deputy court clerk calling counsel's attention to the problem after the time had run did not extend the period for service. Accordingly, we will affirm the order of the district court dismissing the complaint.

This case is an action for medical malpractice under the Federal Tort Claims Act. Plaintiff alleges that she sustained personal injury resulting from the inappropriate prescription of medication by a National Health Service Corps physician at the Comprehensive Health Clinic in Philadelphia. The Clinic is a facility organized and maintained by the Public Health Service under the jurisdiction of the Department of Health and Human Services.

Because this appeal turns on untimely service of process, a chronology of critical dates is helpful in understanding the issues.

Through her counsel, plaintiff filed an administrative tort claim against the government on September 18, 1984. It was denied six months later by the Secretary of Health and Human Services. Plaintiff filed her complaint in the district court on September 18, 1985, the last day under the statutorily authorized limitations period. 28 U.S.C. § 2401(b). That same day, pursuant to the plaintiff's motion, Dennis Richman Services, Inc. was appointed to serve the summons and complaint.

In December, 1985, plaintiff's counsel contacted Richman to ascertain the status of the suit and learned that service had not yet been made. He was assured, however, that it would be completed promptly. The last permissible day for service under the 120-day provision of Rule 4(j) was January 16, 1986.

In a letter dated March 31, 1986, the courtroom deputy clerk to District Judge Joseph L. McGlynn, Jr. wrote plaintiff's counsel that service had not been made. The letter further notified counsel that the judge "has directed that you take the steps necessary to have service made within fifteen (15) days from the date of this letter in accordance with Rule 4(j) ... If service is not made within the time set forth above, the Court will consider dismissal of the action...."

Counsel immediately told Richman about the letter. On April 3, 1987, Richman personally served the United States Attorney's Office in Philadelphia and dispatched certified letters with copies of the summons and complaint to the Attorney General and the Secretary of Health and Human Services in Washington, D.C. In due course, the Attorney General's office returned the postal receipt dated April 15, 1986. The receipt

from Health and Human Services was dated April 16, 1986.

The government moved to dismiss the complaint on the ground that plaintiff had not served defendants within the 120–day period. In response, plaintiff urged the court to consider a motion for enlargement of time to serve defendants under Fed.R. Civ.P. 6(b) *nunc pro tunc.*

The district court granted the dismissal, ruling that the "plaintiff's sole reliance on the assurances of a third party [Richman] fails to rise to the level of good cause within the meaning of Rule 4(j)." The court treated the motion for an extension of time as one filed under Rule 6(b)(2), but denied it because plaintiff had not shown that the failure to serve within the prescribed period was the result of "excusable neglect."

On appeal, plaintiff contends that the district court clerk's letter of March 31, 1986 was "nothing more or less than the Court's exercise of its inherent power to extend an applicable time period." She argues that had an application been made under Rule 6(b), the court could have granted the request for a fifteen-day extension, and the fact that the court acted *sua sponte* "can make no difference in terms of the effect of the court's action." Brief for Appellant at 14–15. The government insists that the court's notice of March 31, 1986 did not foreclose the right to object to the untimely service.

### I.

Rule 4 was revised in response to a request that the assignments of United States marshals to serve process in civil cases be substantially reduced. In 1982, the Advisory Committee on Civil Rules proposed that the Rule be changed to permit private service of process by certified mail. The Supreme Court approved the recommendation and submitted it to Congress, which postponed the effective date of the proposal. The House proceeded to draft a bill, H.R. 7154, authorizing first-class, rather than certified, mail in most instances and making additional changes in the Rule.

Both the Advisory Committee draft and the House bill recognized that delays in service of process might ensue when this function was taken from the marshals and turned over to private individuals. To minimize this problem, amended Rule 4 requires that if service is not made on a defendant within 120 days after filing the complaint and the party on whose behalf service is to be made "cannot show why service was not made within that period, the action shall be dismissed."

Legislative history confirms the mandatory nature of the dismissal sanction, emphasized in the rule by use of the word "shall." In discussing H.R. 7154, one of its sponsors, Congressman Don Edwards, said that if the plaintiff fails "to show 'good cause' for not completing service within that time, then the court must dismiss the action as to the unserved defendant." 128 Cong.Rec. H9848 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S.Code Cong. & Admin.News 4441.[1]

Over the years, the fact that service of process was conducted by federal marshals had given the courts confidence that the procedures were being performed competently and properly. Consequently, an unarticulated presumption of regularity attached to service by marshals, and judicial interpretation of the predecessor Rule 4 was comparatively casual. However, in circumstances where the marshals were removed from the scene, the courts became increasingly concerned about possible abuse and insisted on literal adherence to amended Rule 4.[2]

---

**1.** This court reviewed Fed.R.Civ.P. 4 in *Green v. Humphrey Elevator & Truck Co. & Maintenance Co.,* 816 F.2d 877 (3d Cir.1987). There the question before the court was at what point service is considered "made." After analyzing the legislative history of the rule and the case law interpreting it, we concluded that service is complete either upon receipt by the sender of the defen-

dant's official acknowledgment of service form within twenty days of the original first-class mailing or upon effective personal service. There also we affirmed an order of the district court dismissing the complaint.

**2.** Even where dismissal is not mandated because of special circumstances, the courts of

In *Norlock v. City of Garland*, 768 F.2d 654, 655 (5th Cir.1985), the court of appeals said, "[f]inding no error in the court's insistence on compliance with the plain language of the rule, so easy to follow, we affirm [the dismissal].... [T]he well-considered requirements of the rule ... are not to be disregarded with impunity." In that instance, mail service included neither the form acknowledging receipt of a summons and complaint nor the stamped, self-addressed return envelope required by Rule 4(c)(2)(C)(ii).

Another court took an equally stern view when it affirmed the dismissal of a complaint against the government in *Whale v. United States*, 792 F.2d 951 (9th Cir.1986). There, the Attorney General had been properly served by certified mail during the 120–day period, but the local United States Attorney was served by certified mail rather than personally, as specified by the rule. The court of appeals concluded that this defect was due solely to counsel's failure "to pay attention to the requirements of Rule 4(d)(4)." *Id.* at 953. *See also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087 (4th Cir.1984).

As one commentator pointedly remarked in appraising the effect of the amendments to Rule 4, "[t]he lesson to the practitioner is not to expect the solicitous attitude the courts may have manifested about service defects when the marshals ran the store." Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions*, 96 F.R.D. 88, 109 (1983). With respect to the need for caution about expiration of the statute of limitations he noted, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." *Id.* at 103.

The time limit is not absolutely inflexible. Failure to comply may be excused if the party can show "good cause," a phrase that is not defined by the rule itself. One court, however, has evaluated the test as requiring "at least as much as would be required to show excusable neglect." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985). That term is used in Fed.R.Civ.P. 6(b)(2), where an enlargement of time may be allowed on motion after the prescribed time has elapsed.

Similarly, in *United States for Use and Benefit of DeLoss v. Kenner General Contractors, Inc.*, 764 F.2d 707 (9th Cir.1985), the court concluded that "good cause" must be shown in order to obtain an extension of time under 4(j) and that failure to meet that condition "effectively disposed of any claim that could be raised on motion pursuant to Rule 6(b)(2)." *Id.* at 711. Inadvertence of counsel does not amount to good cause according to *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985), and *Winters*, 776 F.2d at 1306; nor do half-hearted efforts at service which fail to meet the standard. *United States for Use and Benefit of DeLoss*, 764 F.2d at 710.

Rule 4 recognizes that a practical problem might arise where a delay in serving process goes unnoticed by the putative defendant and, absent an adverse party, no one has the incentive to file a motion to dismiss. Because of this practical problem, the rule provides that the action shall be dismissed "upon the court's own initiative with notice to such party."

■ The requirement of notice provides the delinquent party with an opportunity to demonstrate good cause through a motion under Rule 6(b)(2). The rule thus offers the serving party a means to avoid an unexpected and perhaps unjustified dismissal. Notice, however, does not operate as an automatic extension, and nothing in the rule or its interpretations construes it in this way. In addition, notice does not sup-

appeals have strictly construed Rule 4(j). See, *United States v. Gluklick*, 801 F.2d 834 (6th Cir.1986) (where the parties had stipulated in advance to accept untimely service, the court set aside the default judgment otherwise required by the rule) and *Romandette v. Weetabix Co.*,

807 F.2d 309 (2d Cir.1986) (where an incarcerated, *pro se in forma pauperis* plaintiff failed to effect timely personal service because of his reliance on U.S. marshals, the court took into account his particular situation and did not require dismissal).

plant the necessity of demonstrating good cause for failure to comply with the rule.

## II.

With this explanation of Rule 4 in the background, we turn to the circumstances in the case before us. We review the order of the district court for abuse of discretion. *Wei*, 763 F.2d at 371; *Edwards v. Edwards*, 754 F.2d 298 (8th Cir.1985).

Plaintiff's counsel asserts that in December, 1985, three months after turning the papers over to the Richman organization, he became aware that service had not been made. At that point, approximately one month remained before the 120-day period would expire. As far as the record reveals, the lawyer accepted Richman's assurance that service would be completed in time and did nothing further to monitor the procedure. The district court was given no reason why Richman did not, or could not, carry out its assignment during the time remaining.

The district court was confronted with a situation in which plaintiff's counsel knew that the process server was dilatory yet took no steps to insure that defendant would be timely served. The facts, therefore, present a scenario of unexplained delinquency on the part of the process server and lack of oversight by counsel. In construing Rule 4, the courts of appeals have concluded that inadvertence of counsel does not constitute good cause. We believe that this interpretation is consistent with the purposes and text of the rule, and we adopt it as well. In these circumstances, the district court properly found a lack of good cause.

We cannot accept the plaintiff's argument that the district court's letter of March 31, 1985 constituted an automatic extension. As noted earlier, the rule provides for an extension of time only for good cause, and in this case no motion had been presented to the court before the letter was written. Consequently, no basis for an extension existed at that time, and the district judge did not purport to act contrary to the provisions of the rule.

Nor can plaintiff's counsel seriously contend that he was misled to his prejudice by the wording of the letter. The district judge generously treated the plaintiff's response to the defendant's motion to dismiss as a motion under Rule 6, thus giving counsel the opportunity to demonstrate good cause. Nevertheless, plaintiff was unable to make the requisite showing.

The time for service had passed before counsel received the letter. Plaintiff's contention that the wording of the letter caused prejudice to her is without merit because the deputy clerk's notice did not cause the failure to meet the deadline. We can agree, however, that the letter might have been more carefully phrased.

Finding no abuse of discretion in the dismissal of the complaint, the order of the district court will be affirmed.