Dolores S. VANNONI, John R. Vannoni
and Douglas Vannoni

v.

TSO, a/k/a TSO Financial, a/k/a
Personal Loan Program, et al.

Civ. A. No. 86-6722.

United States District Court,
E.D. Pennsylvania,
Civil Division.

May 18, 1988.

Ira D. Joffe, Fort Washington, Pa., for plaintiffs.

Robert McL. Boote, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court on the plaintiffs' Motion To Vacate Dismissal.

The complaint in this action was filed on November 17, 1986. This case was then reassigned from the calendar of the Honorable Clifford Scott Green to that of the Honorable Franklin S. Van Antwerpen on January 29, 1988. On March 9, 1988, Judge Van Antwerpen's Deputy Court Clerk wrote to the plaintiffs' counsel regarding the failure to make service in the captioned case. This letter said, in pertinent part:

"In order to eliminate a delay in bringing this case to trial, service must be made by March 16, 1988, in accordance with Rule 4(j) of the Federal Rules of Civil Procedure. Proof of service must be filed with the Clerk's Office within five days of service. If service is not made within the time set forth above, the court will dismiss the complaint without prejudice for lack of prosecution."

Subsequent to receiving this letter, the plaintiffs took action. The plaintiffs say that their counsel, on March 15, 1988, mailed to all five defendants identical envelopes containing a copy of the complaint, a summons, two copies of a notice conforming substantially to Form 18-A and a self-addressed stamped envelope. A sixth envelope containing a letter was sent to the Clerk of Court's office at the same time. The Domestic Return Receipts from defendants TSO, Cohen, and Markstein came back with a March 16, 1988 postmark. The Domestic Return Receipt from the Clerk's office also came back marked March 16,

1988. The Domestic Return Receipts from defendants Scaliti and Colonial National came back marked March 17 and 18, 1988, respectively. The court received a "Return of Service"[1] containing photocopies of the Domestic Return Receipts on March 23, 1988. On that day, this court dismissed the captioned matter pursuant to Fed.R.Civ.P. 4(j).

> Fed.R.Civ.P. 4(j) reads in pertinent part:
> "(j) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion...."

The plaintiffs argue that the dismissal of their case should be vacated for two reasons: first, because they have complied with the directive in the letter of March 9, 1988 and second, because there is "good cause" why service was not made within the period prescribed by the rule. This good cause is said to be "[c]ounsel's continuing ill health [which] has precluded effective efforts at service until the March 9 letter from the Court." *Memorandum in Support of Plaintiffs' Motion to Vacate Dismissal*, p. 2.

With regard to the plaintiffs' first argument, we note that this case is squarely governed by *Braxton v. United States*, 817 F.2d 238 (3d Cir.1987). In *Braxton*, as in the instant case, a deputy court clerk, after time for service had expired, sent a letter to the plaintiff's counsel, calling his attention to the lack of service and directing that service be made within fifteen days of the date of the letter. The plaintiff saw that service was made, but the defendant moved to dismiss the complaint on the ground that the plaintiff had not served the defendant within the 120 day period prescribed by Fed.R.Civ.P. 4(j). In response, the plaintiff asked the district court to consider a motion for enlargement of time to serve defendants under Fed.R.Civ.P. 6(b) *nunc pro tunc.*

The district court granted the defendant's motion for dismissal, finding the plaintiff's reliance upon the assurances of a third party, who had agreed to serve the complaint, insufficient to constitute "good cause" within the meaning of Fed.R.Civ.P. 4(j). The district court, although treating the plaintiff's motion for an extension of time as one filed under Fed.R.Civ.P. 6(b)(2), denied it because the plaintiff had not shown that the failure to effect service within 120 days had been the result of "excusable neglect."

The Third Circuit affirmed the order of the district court. "Legislative history [of Fed.R.Civ.P. 4(j)] confirms the mandatory nature of the dismissal sanction, emphasized in the rule by use of the word 'shall'." *Id.* at 240. The court explained the purpose of the notice requirement under Fed. R.Civ.P. 4(j) as follows:

> "The requirement of notice provides the delinquent party with an opportunity to demonstrate good cause through a motion under Rule 6(b)(2). The rule thus offers the serving party a means to avoid an unexpected and perhaps unjustified dismissal. Notice, however, does not operate as an automatic extension, and nothing in the rule or its interpretations construes it in this way. In addition, notice does not supplant the necessity of demonstrating good cause for failure to comply with the rule."

*Id.* at 241–242.

The plaintiff's argument that the deputy court clerk's letter operated as an automatic extension failed to convince the court:

> "We cannot accept the plaintiff's argument that the district court's letter of March 31, 1985 constituted an automatic extension. As noted earlier, the rule pro-

---

1. Under Fed.R.Civ.P. 4(g), if service is made under subdivision (c)(2)(C)(ii), "return shall be made by the sender's filing with the court *the acknowledgement received pursuant to such sub-*

*division.*" (Emphasis supplied). The plaintiffs attached no such acknowledgements to their "Return of Service" and such return does not comply with the requirements of the Rule.

vides for an extension of time only for good cause, and in this case no motion had been presented to the court before the letter was written. Consequently, no basis for an extension existed at that time, and the district judge did not purport to act contrary to the provisions of the rule.

Nor can plaintiff's counsel seriously contend that he was misled to his prejudice by the wording of the letter. The district judge generously treated the plaintiff's response to the defendant's motion to dismiss as a motion under Rule 6, thus giving counsel the opportunity to demonstrate good cause. Nevertheless, plaintiff was unable to make the requisite showing."

*Id.* at 242.

So, in the instant case, we must refuse to depart from the provisions of Fed.R.Civ.P. 4(j).[2] We do so even though we find it regrettable that the plaintiffs will necessarily find themselves out of court because of the one-year statute of limitations imposed by 15 U.S.C.A. § 1692k(d) (West 1982).

■ It is clear from *Braxton* that the deputy court clerk's letter cannot constitute an "automatic extension". The rule is clear: good cause must be shown or the dismissal shall stand. "The plain language of 4(j) makes dismissal mandatory rather than discretionary. [Citations omitted]." *Shuster v. Conley*, 107 F.R.D. 755 (W.D. Pa.1985).

■ The "good cause" which the plaintiffs offer is their counsel's "continuing ill health" which, they say, has "precluded effective efforts at service until the March 9 letter from the Court." "Good cause" is not defined in Fed.R.Civ.P. 4(j). This phrase has, however, been subject to judicial commentary:

"Unfortunately, Rule 4 does not define what constitutes 'good cause.' Legisla-

tive history gives only evasion of process as an example of good cause for granting an extension. 128 Cong.Rec. H 9852 n. 25 (daily ed. Dec. 15, 1982). Most courts have adopted the old diligence standard in determining when a party has shown good cause for an extension. *See e.g., Geller,* 602 F.Supp. at 502 (Plaintiff after diligent efforts located defendant and executed personal service); *Leger v. Ohio Barge Lines, Inc.,* No. 83–1629, 83–1630 (W.D.Pa. Mar. 22, 1984) (Bloch, J) [available on WESTLAW, 1984 WL 515] (Plaintiff's diligence is the only mitigating factor which may countermand dismissal)."

*Id.* at 757.

Furthermore, it has been said that "[i]nadvertent or heedless nonservice is precisely what Rule 4(j) was designed to prevent. Thus, a court will not grant an extension where the plaintiff has not demonstrated a reasonable effort to effect service prior to the running of the 120 day period. [Citations omitted]." *Id.*

The plaintiffs in the instant case offer us no more than the bare allegation of their counsel's illness as the "good cause" which should prevent dismissal. They have neither explained the nature of that illness nor how that illness contributed to an impossibility to make service. Plaintiffs' counsel, well or ill, is under a duty to represent his clients competently. "A lawyer shall not: ... (3) neglect a legal matter entrusted to him."[3] Pa.Code of Professional Responsibility Rule 6–101(A)(3). If illness strikes an otherwise competent attorney to such a degree that it interferes with the effective representation of his client, it should be a matter of common sense to the attorney to withdraw from representation. DR 2–110(C)(4) permits an attorney to withdraw because "[h]is mental or physical condition renders it difficult for him to carry out the

**2.** Unlike the plaintiff in *Braxton*, 817 F.2d 238, the plaintiffs in the instant case have not asked us to consider a motion for enlargement of time to serve defendants under Fed.R.Civ.P. 6(b) *nunc pro tunc.* We shall, therefore, consider only the requirements of Fed.R.Civ.P. 4(j).

**3.** Effective April 1, 1988, the Rules of Professional Conduct (hereinafter "Rules") superceded the Code of Professional Responsibility. The Rules still require diligent representation. Rule 1.3 states: "A lawyer shall act with reasonable diligence and promptness in representing a client."

**504**

employment effectively." Pa.Code of Professional Responsibility Rule 2–110(C)(4).[4] Surely an illness so serious as to prevent so unstrenuous an effort as service of a complaint should have prompted the plaintiffs' counsel to withdraw from representation so that the plaintiffs could secure counsel who would be in a position to represent their interests effectively. We do not believe that the reason proffered by the plaintiffs in the instant case constitutes the "good cause" required by Fed.R.Civ.P. 4(j).

Although the service made by the plaintiffs long after the 120 day period prescribed by Fed.R.Civ.P. 4(j) is a nullity for the reasons explained above, we also wish to note the objections raised by the defendants to the adequacy of this late service. Attached to the defendants' Memorandum in Opposition to the Plaintiffs' Motion to Vacate Dismissal is a Verified Statement of Michael J. Sexton, General Counsel for the defendant "TSO", whose proper full name was "TSO Financial Corp." and who is now called "ADVANTA Corp." It would appear from this Statement that two of the defendants have never even received the summons and the complaint. Colonial National Bank, properly named "Colonial National Bank USA", accepted the mail for Randy Cohen and Carol Markstein, but neither of these individual defendants worked for the bank when the complaints were received. Neither ADVANTA, Colonial National Bank USA, nor the individual defendant Scarliti have returned the acknowledgement form.

■ The plaintiffs in the instant case have sought to make service pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). When no acknowledgement is returned, the plaintiff must make service under Fed.R.Civ.P. 4(c)(2)(A) or (B), *i.e.*, personal service, in the manner prescribed by subdivision (d)(1) or (d)(3) of Fed.R.Civ.P. 4. According to Mr. Sexton's Statement, "Defendants ADVANTA, Colonial and Scaliti have not later received the summons and complaint by any other means." Given that defendants Co-

hen and Markstein have not received the summonses and complaints and that the other three defendants have neither returned the acknowledgement forms, nor been personally served, even the adequacy of this untimely service must fail.

For all of the reasons adduced above, we must deny the plaintiffs' Motion to Vacate Dismissal.

---

**4.** The Rules, at Rule 1.16, also state that a lawyer "shall withdraw" from representation of a client if: "(a)(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;...."