976 F.2d 726
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dale E. PALO, Plaintiff-Appellant,
v.
LIEBIG INTERNATIONAL, INCORPORATED; Heinrich Liebig,
Defendants-Appellees.
 No. 91-2670.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 26, 1992
Decided: Sept. 16, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CA-90-30)
 J. Benjamin Dick, Charlottesville, Virginia, for Appellant.
 Craig T. Redinger, Jane C. Clarke, Charlottesville, Virginia, for Appellees.
 W.D. Va.
 AFFIRMED.
 Before SPROUSE, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Dale E. Palo appeals from the district court's order dismissing his fraud and breach of contract claims against his former employer and from the district court's subsequent denying his motion for reconsideration. For the reasons that follow, we affirm both orders.
 
 
 2
 Palo, a resident of Ohio, was hired by Liebig International, Inc., in February 1988 to serve as the company's General Sales Manager in Charlottesville, Virginia, for a period of twelve months. Palo claims that a condition of his employment was relocating his family from Ohio to Charlottesville and that, relying upon the agreement, he spent considerable time and money to prepare his family for the move. Palo began working for Liebig in March 1988. On June 3, 1988, Palo received a letter from Liebig which stated that his"continued employment depends solely on your personal sales efforts and accomplishments" and that "a move ... [from Ohio to Charlottesville] is therefore premature." The letter also relieved him of his office duties. By letter dated June 28, 1988, Palo's employment with Liebig was terminated effective July 15, 1988.
 
 
 3
 Palo filed this diversity action on July 2, 1990, against Liebig International and its German parent corporation, Heinrich Liebig, K.G., alleging fraud and breach of contract. The district court dismissed the fraud count with prejudice for failing to file within Virginia's twoyear statute of limitations. The breach of contract claim was dismissed without prejudice for failing to serve the Defendants within 120 days as required by Fed. R. Civ. P. 4(j). The district court also denied Palo's motion for reconsideration. Palo appeals both orders.
 
 
 4
 1. Fraud claim. The district court properly dismissed Count Two of Palo's Complaint for failing to file within the two-year statute of limitations applicable to actions for fraud. Va. Code Ann. § 8.01-243.A (Michie Supp. 1991). A cause of action for fraud is deemed to have accrued when the fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code Ann. § 8.01-249.1 (Michie Supp. 1991).
 
 
 5
 Palo claims that his cause of action accrued on June 30, 1988, the date he received the termination letter from Leibig International. However, as the district court found, Palo should have been on notice of any alleged fraud when he received the June 3, 1988, letter which "materially changed the terms of his employment." We find this determination to be correct.
 
 
 6
 Palo argues that Count Two was improperly dismissed because (1) pursuant to Fed. R. Civ. P. 8(c), the statute of limitations must be pleaded as an affirmative defense; and (2) that the district court "sua sponte at defendants' urging at oral hearing dismissed" the fraud claim as barred by the statute of limitations. Contrary to Palo's first assertion, the statute of limitations may be raised by a Fed. R. Civ. P. 12(b)(6) motion. See 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1277 (1990); see also Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. Unit A April 1981) ("[D]ismissal for failure to act timely, like dismissal for expiration of the statute of limitations, is properly raised by a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss for failure to state a claim."). Palo's second argument also fails because even if the court raised the issue sua sponte, Palo was given adequate opportunity to respond in his motion for reconsideration. The district court carefully considered his arguments and found none to be persuasive.
 
 
 7
 2. Contract claim. Palo's remaining claim was dismissed without prejudice for failing to serve the Defendants within 120 days as required by Fed. R. Civ. P. 4(j). On November 8, 1990, Palo received the following notice from the district court: "You have 15 days from this day to notify the Clerk of this Court that service has been accomplished on said Defendant(s), or the named Defendant(s) will be dismissed from the suit without prejudice by order of this Court." As of the date of this notice, the 120-day period had already expired and Palo had not moved for an extension.
 
 
 8
 Palo argues that this notice constituted a fifteen day extension and that, therefore, his service was timely. We disagree. See Braxton v. United States, 817 F.2d 238 (3d Cir. 1987) (similar notice given to plaintiff prior to dismissing action for failure to make timely service of process held not to operate as automatic extension). Palo did file a motion for extension of time to serve Heinrich Leibig, K.G., after the dismissal of his complaint, citing the difficulty he had encountered in serving the foreign corporate Defendant. No reason was given for his failure to timely serve Liebig International which has a registered agent in Virginia. The district court denied the motion, noting Palo's failure to request an extension prior to the expiration of the deadline and concluding that the difficulty Palo had encountered in serving Heinrich Liebig, K.G., would "not be alleviated by this court's granting of an enlargement of time for service as opposed to simply dismissing the contract claim without prejudice."
 
 
 9
 Although the district court may grant an extension of the period provided by Rule 4(j) for good cause, we review such decisions for abuse of discretion. Braxton, 817 F.2d at 241; Fed. R. Civ. P. 6(b). Given that Palo was not diligent in attempting to serve the Defendants prior to receiving notice of imminent dismissal and that the statute of limitations has not run on his contract claim, we find that the district court did not abuse its discretion by dismissing the contract claim or by denying Palo's request for an extension of time to serve Heinrich Liebig, K.G.*
 
 
 10
 Therefore, we affirm the orders of the district court dismissing the fraud claim with prejudice and the contract claim without prejudice and denying Palo's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The statute of limitations applicable to actions on written contracts in Virginia is five years. Va. Code Ann. § 8.01-246.2 (Michie 1984)