**Stephen G. NELLE, Plaintiff,**

v.

**Kevin John CIOTTI and Calvin D. Phillips, Defendants.**

**No. 93–CV–2213.**

United States District Court, E.D. Pennsylvania.

Nov. 9, 1993.

Gerald B. Ingram, Philadelphia, PA, for plaintiff.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The matter before the Court is plaintiff's motion to vacate this Court's Order dated

October 27, 1993 dismissing this matter for lack of prosecution. In April, 1991, plaintiff was a passenger in a vehicle owned and operated by defendant Ciotti, which was involved in an accident with another vehicle owned and operated by defendant Phillips. Plaintiff allegedly sustained injuries to his back as a result of the accident, and filed a complaint against both defendants for negligence on April 27, 1993.

On that same date, plaintiff unsuccessfully attempted to serve defendants pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. When he received no reply from defendants, he then mailed a copy of the complaint to defendant Ciotti's insurance company on June 13, 1993. Plaintiff then learned on July 20, 1993 that Ciotti had moved from his residence in Georgia and was now living in Florida. Plaintiff then attempted service by mailing the complaint and the notice of acknowledgement form to Ciotti's new residence on July 23, 1993, as well as a second complaint and acknowledgement form to defendant Phillips.

On July 25, 1993, plaintiff received a letter from this Court's deputy clerk advising that if no answer was filed to the complaint by October 1, 1993, then plaintiff could file a request for default in accordance with Rules 55(A) and (B) of the Federal Rules of Civil Procedure. The letter also advised that the case would be dismissed for lack of prosecution if a request for default was not filed by October 13, 1993. On July 28, 1993, plaintiff discovered that defendant Phillips had moved from his residence in Georgia and had left no forwarding address. However, on August 18, 1993, plaintiff obtained service via certified mail upon defendant Ciotti.

Plaintiff then received a second letter from this Court's deputy clerk on September 17, 1993, advising that if, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, service was not accomplished by September 29, 1993, or if good cause was not shown as to why service had not been accomplished, the case would be dismissed for lack of prosecution. The letter also requested plaintiff to inform the Court if the matter had been settled. Thereafter, plaintiff filed the proof of service regarding defendant Ciotti on September 29, 1993, apparently in reliance upon the deputy clerk's letter that the case would not be dismissed as long as service was accomplished by that date. On October 27, 1993, this Court dismissed the case for lack of prosecution.

■ Rule 4(j) of the Federal Rules of Civil Procedure provides that if service is not accomplished within 120 days from filing the complaint, and the party serving the complaint cannot show good cause why service was not accomplished within that period, "the action shall be dismissed as to that defendant." A party has the opportunity to show good cause after the 120 day period has expired pursuant to filing a motion for enlargement of time under Rule 6(b)(2) of the Federal Rules of Civil Procedure. *Braxton v. United States*, 817 F.2d 238, 241 (3rd Cir.1987). However, if no good cause can be shown, the action must be dismissed, as dictated by the mandatory language "shall" in the rule. *Id.* at 240.

In construing what constitutes good cause, courts in this Circuit have held that mere inadvertence of counsel does not amount to good cause, nor will an extension of the 120 day period be granted when there has not been a reasonable effort to effectuate service. *Braxton v. United States*, 817 F.2d 238, 241 (3rd Cir.1987); *Vannoni v. TSO*, 120 F.R.D. 501, 503 (E.D.Pa.1988). Thus, in *Braxton* the court held there was no good cause shown when plaintiff's counsel knew the process server had not effectuated service after three months, he had received notice from the court that the case would be dismissed if no service was effectuated, and yet he took no steps to insure that defendant would be served within the remaining month. Further, in *Vannoni*, plaintiff's explanation that illness prevented him from effectuating service, without any explanation about the nature of the illness or how it prevented counsel from effectuating service, did not amount to good cause. Moreover, both cases held that the deputy clerk's notice sent to counsel after the 120 day time period had expired did not constitute an automatic extension under the rules. *Braxton*, 817 F.2d at 241; *Vannoni*, 120 F.R.D. at 503. Nor did it supplant the necessity of showing good cause for fail-

ing to comply with the rule. *Braxton*, 817 F.2d at 241.

In the present case, plaintiff had until August 25, 1993 in which to effectuate service under the 120 day rule. While plaintiff did finally obtain service on defendant Ciotti as of August 18, 1993, he did not file the return of service with the Court until September 29, 1993. Although plaintiff was mistaken that the case would not be dismissed as long as he complied with the deputy clerk's second letter and obtained service by September 29, 1993, it does not matter with regard to Ciotti because service was made within the 120 day period. According to the rules, "[f]ailure to make proof of service [to the court] does not affect the validity of the service." Fed. R.Civ.P. 4(g).

With regard to defendant Phillips, plaintiff still has not effectuated service as of the present date, although he attempted to serve defendant on two different occasions, only to learn after approximately three months had passed that Phillips had moved and left no forwarding address. Because plaintiff has not been dilatory in attempting service, plaintiff has demonstrated good cause sufficient for the Court to grant a motion for enlargement of time under Rule 6(b)(2) had plaintiff actually made such a motion. However, we admonish plaintiff for not complying with the rules. An attorney has the duty to represent his or her client diligently, and that includes knowledge and compliance of the federal rules, the state rules and the local rules that govern the parties. Plaintiff should have known about Rule 4(j), and that service had to have been accomplished within 120 days. Moreover, plaintiff had notice from the letters sent by the deputy clerk that this case would be dismissed if service was not accomplished or if a motion for default was not filed. Despite all of this, plaintiff failed to make any attempt to notify the court about his problems with service until *after* the case had been dismissed, and he still failed to comply with Rule 6(b)(2). However, because plaintiff has now informed the Court that there is sufficient basis for granting a motion for enlargement of time should one actually be made, we see no reason to prevent plaintiff from the

opportunity to pursue his claims. *See Hougens v. United States Postal Service*, CIV.A. No. 88–8186, 1989 WL 59628, at 2 (E.D.Pa. June 2, 1989) (order dismissing case was vacated since plaintiff could not seek judgment by default because valid service had not been achieved, thus, plaintiff should not be charged with nonprosecution for failing to request a default judgment and because plaintiff might be able to show good cause for failing to serve within the 120 day period).

In sum, we will grant plaintiff's motion to vacate this Court's previous Order dismissing the case. However, any further noncompliance with any rules that govern this case may constitute a possible ground for dismissal. An appropriate order follows.

### ORDER

AND NOW, this 9th day of November, 1993, upon consideration of plaintiff's motion to vacate this Court's previous Order dismissing the case for lack of prosecution, it is hereby ORDERED that plaintiff's motion is GRANTED, and this Court's Order dated October 27, 1993 is VACATED.