[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit

No. 97-2378

 AWILDA DE-LA-CRUZ-ARROYO,

 Plaintiff, Appellant,

 v.

 COMMISSIONER OF SOCIAL SECURITY,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief
for appellant.
 Honorable Guillermo Gil, United States Attorney, Lilliam
Mendoza Toro, Assistant United States Attorney, and Donna McCarthy,
Assistant Regional Counsel, Social Security Administration, on
brief for appellee.

May 27, 1998

 Per Curiam. Appellant Awilda De-La-Cruz-Arroyo
appeals from the dismissal of her action for lack of
prosecution. Specifically, process never was served on the
defendant, the Secretary of Health and Human Services.
 The district court did not abuse its discretion in
ordering dismissal of the case after nine months had passed
without service and without any other action on appellant's
part to move the case forward. See Caribbean Transp. Sys.,
Inc. v. Autoridad de las Navieras de Puerto Rico, 901 F.2d 196,
197 (1st Cir. 1990) (affirming the dismissal of plaintiffs'
case where they failed to serve the amended complaint for seven
months and did little to move the action along). The question
then becomes whether the district court abused its discretion
in denying appellant's request, made in her Fed. R. Civ. P.
60(b) motion, for an extension of time in which to serve the
Secretary. We think not. 
 Under Fed. R. Civ. P. 4(m), an extension of time for
service of process is permitted upon a showing of "good cause." 
It is appellant's burden to demonstrate the requisite cause. 
See United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988). 
Here, the error made by appellant's attorney shows
inadvertence. However, this is not enough to require the
district court to grant an extension under Rule 4. See Powellv. Starwalt, 866 F.2d 964, 965 (7th Cir. 1989) (rejecting
attorney inadvertence as amounting to "good cause" under Rule
4(j), the predecessor to Rule 4(m)); Braxton v. United States,
817 F.2d 238, 239 (3rd Cir. 1987) (same). 
 Counsel argues that he nonetheless acted diligently
by reviewing the case and filing the motion in June 1997,
asking to be notified when the court decided the case. Rather
than exhibiting diligence, however, this motion underscores the
want of prosecution. Specifically, we think that any
reasonable review of the case should have revealed, in addition
to the lack of a decision, the absence of an answer or other
responsive pleading from the Secretary. In turn, this should
have alerted appellant's attorney to the possibility that the
Secretary never had been served.
 We find the lack of any explanation, even now, for
appellant's inactivity from June 18, 1997 until the case was
dismissed on September 26, 1997 dispositive. See Resolution
Trust Corp. v. Starkey, 41 F.3d 1018, 1022 (5th Cir. 1995) (good
cause for failure to timely serve defendant was lacking where
plaintiff offered no explanation for not having acted
diligently in discovering defendant's address). That appellant
was not proceeding in bad faith is not controlling. See id.(lack of a "sinister motive" is not enough to excuse delay in
failing to serve defendant). Rather, "the fact that
[appellant] was careless is sufficient to militate against the
showing of good faith required for shelter under" Rule 4. Seeid.
 Affirmed.