USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]  United States Court of Appeals For the First Circuit  No. 97-2378 AWILDA DE-LA-CRUZ-ARROYO, Plaintiff, Appellant, v. COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] Before Boudin, Circuit Judge, Coffin, Senior Circuit Judge, and Lynch, Circuit Judge.    Raymond Rivera Esteves and Juan A. Hernandez Rivera on brieffor appellant. Honorable Guillermo Gil, United States Attorney, LilliamMendoza Toro, Assistant United States Attorney, and Donna McCarthy,Assistant Regional Counsel, Social Security Administration, onbrief for appellee.May 27, 1998 Per Curiam. Appellant Awilda De-La-Cruz-Arroyo appeals from the dismissal of her action for lack of prosecution. Specifically, process never was served on the defendant, the Secretary of Health and Human Services. The district court did not abuse its discretion in ordering dismissal of the case after nine months had passed without service and without any other action on appellant's part to move the case forward. See Caribbean Transp. Sys., Inc. v. Autoridad de las Navieras de Puerto Rico, 901 F.2d 196, 197 (1st Cir. 1990) (affirming the dismissal of plaintiffs' case where they failed to serve the amended complaint for seven months and did little to move the action along). The question then becomes whether the district court abused its discretion in denying appellant's request, made in her Fed. R. Civ. P. 60(b) motion, for an extension of time in which to serve the Secretary. We think not.  Under Fed. R. Civ. P. 4(m), an extension of time for service of process is permitted upon a showing of "good cause."  It is appellant's burden to demonstrate the requisite cause.  See United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988).  Here, the error made by appellant's attorney shows inadvertence. However, this is not enough to require the district court to grant an extension under Rule 4. See Powellv. Starwalt, 866 F.2d 964, 965 (7th Cir. 1989) (rejecting attorney inadvertence as amounting to "good cause" under Rule 4(j), the predecessor to Rule 4(m)); Braxton v. United States, 817 F.2d 238, 239 (3rd Cir. 1987) (same).  Counsel argues that he nonetheless acted diligently by reviewing the case and filing the motion in June 1997, asking to be notified when the court decided the case. Rather than exhibiting diligence, however, this motion underscores the want of prosecution. Specifically, we think that any reasonable review of the case should have revealed, in addition to the lack of a decision, the absence of an answer or other responsive pleading from the Secretary. In turn, this should have alerted appellant's attorney to the possibility that the Secretary never had been served. We find the lack of any explanation, even now, for appellant's inactivity from June 18, 1997 until the case was dismissed on September 26, 1997 dispositive. See Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1022 (5th Cir. 1995) (good cause for failure to timely serve defendant was lacking where plaintiff offered no explanation for not having acted diligently in discovering defendant's address). That appellant was not proceeding in bad faith is not controlling. See id.(lack of a "sinister motive" is not enough to excuse delay in failing to serve defendant). Rather, "the fact that [appellant] was careless is sufficient to militate against the showing of good faith required for shelter under" Rule 4. Seeid. Affirmed.