**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1398
_____

WESSIE SIMS,
Appellant

v.

CITY OF PHILADELPHIA; ZONING BOARD OF ADJUSTMENTS; LYNETTE M.
BROWN, SOW, CHAIRWOMAN; CAROL B. TINARI; ANTHONY LEWIS; SAM
STATEN, JR.; MARTIN G. BEDNAREK; MARY JANE MCKINNEY, BOARD
ADMINISTRATOR; LARISSA KLEVAN, PLANNING COMMISSIONER;
CHRISTINE QUINN, PLANS EXAMINER; JOHN V. WOLFE,
DEPARTMENT OF LICENSE AND INSPECTION; CITY AND COUNTY OF
PHILADELPHIA; STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-12-cv-05486)
District Judge: Honorable Legrome D. Davis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 8, 2013

Before:  GREENAWAY, JR., VANASKIE, and ROTH, *Circuit Judges.*

(Filed: January 9, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge*.

Plaintiff Wessie Sims appeals the District Court's dismissal of her § 1983 claims against the City of Philadelphia ("the City") and individual named defendants who work for the City. Discerning no error, we will affirm.

We write primarily for the parties to the action. Accordingly, we set forth only those facts necessary to our analysis.

In December 2009, Sims applied to the Philadelphia Department of Licenses and Inspections ("L&I") for a zoning permit to run a five-room boarding house. L&I denied the permit in January 2010, concluding that the rear yard of Sims's property did not meet the minimum required square-footage for a boarding house under § 14-205 of the Zoning Code. Sims asserts that this section is not applicable as it pertains only to boarding houses for six or more occupants, and her proposed boarding house had fewer than six occupants.

Sims appealed the decision to the Zoning Board of Adjustments, which held a public hearing in March of 2010. At this hearing, members of the Zoning Board did not discuss the square-footage requirement that the L&I had found problematic, but instead expressed concern about other structural aspects of the property, which Sims claims were in full compliance with the Philadelphia Zoning Code. On September 15, 2010, the Zoning Board denied the zoning variance based on the same grounds as the L&I, *i.e.*, noncompliance with minimum square-footage yard requirements for a boarding house. After a request for reconsideration was denied, Sims filed an appeal with the Court of Common Pleas, which affirmed the Zoning Board's decision on August 24, 2011.

On September 25, 2012, Sims, acting *pro se*, filed a complaint in the United States District Court for the Eastern District of Pennsylvania, asserting violations of her constitutional rights in the denial of the zoning permit. On January 9, 2013, the District Court issued an order informing Sims that her complaint against the individual defendants was subject to dismissal for failure to effect proper service on them within 120 days of the filing of the complaint. The following day, January 10, 2013, the District Court, acting on the City's motion, dismissed Sims's claims against the City pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. On February 5, 2013, there having been no action taken on behalf of Sims with respect to the Court's notice that Sims had not made proper service on the individual defendants, the District Court dismissed the actions against the individual defendants pursuant to Fed. R. Civ. P. 4(m).[1]

On appeal, Sims argues the District Court erred in dismissing her complaint against the City without granting her leave to amend. Sims also argues that the District Court lacked the authority to *sua sponte* dismiss her complaint against the individual defendants for improper service.

---

[1] Both Sims and the attorney who entered her appearance to represent her after the City moved for dismissal contend that they did not receive either the January 9 or February 5, 2013 orders. Sims, however, did not take any action in the District Court upon learning of the orders. Instead, she asserted a lack of service of the order on appeal. Because no record of this claim was made in the District Court, we will not consider it. *See Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994) (noting that "[t]his court has consistently held that it will not consider issues that are raised for the first time on appeal").

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's dismissal under Rule 12(b)(6) *de novo*. *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007). We review a District Court's dismissal due to improper service for abuse of discretion. *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987).

The District Court concluded that Sims had failed to plead facts that stated a claim against the City under the municipal liability standard first established by the Supreme Court in *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978). *Monell* stands for the proposition that local governments are not liable under §1983 for the acts of their employees unless those acts were taken pursuant to a policy or custom of the municipality. *Id*. at 694.

We agree with the District Court that Sims failed to plead facts that would indicate that her zoning permit was denied pursuant to a municipal policy or custom of misleading applicants regarding their zoning permit requests. Indeed, Sims's principal brief argues that the Zoning Board "*failed to follow* their policies and procedures by voting on issues unrelated to those raised at the hearing." (Appellant's Br. 8) (emphasis added). Under *Monell*, the failure of individual City employees to follow an otherwise-constitutional municipal policy does not subject the municipality to liability under §1983.

Sims argues the District Court erred in denying her request to amend her complaint. However, Sims did not file a motion to amend, but rather made the request to have the opportunity to amend in her brief opposing the motion to dismiss. We have previously addressed the identical situation in *Ramsgate Court Townhome Assoc. v. West*

4

*Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002). There, as here, a "'single sentence, lacking a statement for the grounds for amendment and dangling at the end of [the] memorandum, did not rise to the level of a motion for leave to amend.'" *Id.* (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)). As such, the District Court had nothing upon which to rule, and we have no decision to review.

The District Court also dismissed Sims's claims against the individual defendants because Sims failed to serve them with process. Under Fed. R. Civ. P. 4(m), the District Court "must dismiss" an action if the defendant has not been served within 120 days after the complaint has been filed. "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't*, 988 F.2d at 488. Under Fed. R. Civ. P. 4(e), a plaintiff may serve a defendant in a federal lawsuit by either following the law of the state where the district court is located or by following recognized federal procedures, which include serving the individual personally, leaving a copy with a person of suitable age at the individual's dwelling or place of abode, or delivering a copy to the individual's authorized agent.

Sims alleges she effected service on the individual defendants by having the summons delivered to a man named Chad June who worked in the Philadelphia Municipal Services Building. Sims has not provided any information that would indicate June has a relationship with any of the individual defendants which would enable him to receive service on their behalf under any prong of Fed R. Civ. P. 4. Therefore, Sims has

5

not met her burden, and the District Court properly dismissed the complaint as to the individual defendants.

For the foregoing reasons, we will affirm the orders of the District Court dismissing the complaint as to both the City of Philadelphia and the individual defendants.