**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2223
_____

WESSIE SIMS,
                           Appellant

v.

CITY OF PHILADELPHIA; ZONING BOARD OF ADJUSTMENTS;
LYNETTE M. BROWN, SOW, CHAIRWOMAN; CAROL B. TINARI;
ANTHONY LEWIS; SAM STATEN, JR.; MARTIN G. BEDNAREK;
MARY JANE MCKINNEY, BOARD ADMINISTRATOR; LARISSA KELVAN,
PLANNING COMMISSIONER; CHRISTINE QUINN, PLANS EXAMINER;
JOHN V. WOLFE, DEPARTMENT OF LICENSE AND INSPECTION;
CITY AND COUNTY OF PHILADELPHIA; STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-5486)
District Judge:  Honorable Joshua D. Wolson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 4, 2022
_____

Before:  CHAGARES, <u>Chief Judge</u>, SHWARTZ, <u>Circuit Judge</u>, and PRATTER, <u>District
Judge</u>[*]

(Opinion filed: April 5, 2022)

_____

[*]      Honorable Gene E.K. Pratter, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

_____

OPINION[**]

_____

CHAGARES, <u>Chief</u> <u>Judge</u>.

Plaintiff Wessie Sims appeals the District Court's order denying her post-judgment motion that sought relief from the final judgment in this action. Because Sims fails to advance a proper basis for such relief, we will affirm.

## I.

The factual background of this appeal is set forth in our prior decision affirming the District Court's dismissal of the complaint, so our summary is brief. <u>See</u> <u>Sims v. City of Philadelphia</u>, 552 F. App'x 175 (3d Cir. 2014). In December 2009, Sims was denied a zoning permit to operate a five-room boarding house in Philadelphia. <u>Id.</u> at 176. Proceeding <u>pro se</u>, she filed a complaint in federal court against the City of Philadelphia (the "City") and various individual defendants asserting violations of 42 U.S.C. § 1983 in connection with the denial of the zoning permit. <u>Id.</u> The District Court dismissed the claims against the individual defendants pursuant to Federal Rule of Civil Procedure 4(m) for improper service and the claims against the City pursuant to Rule 12(b)(6) because Sims failed to plausibly allege municipal liability. <u>Id.</u> The District Court entered final

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

judgment in February 2013, and Sims timely appealed. We affirmed the District Court's dismissal as to all defendants. Id. at 177–78.

Following our decision, Sims has made several attempts in the District Court to reopen the case and seek relief from the final judgment. Sims's most recent attempt was in November 2019, when she filed a motion titled "Final Judgment Title 28 U.S.C.A. 1291." Appendix ("App.") 8. As the District Court noted, section 1291 "is not a basis for relief; it is a statute conferring jurisdiction on Courts of Appeals to review District Courts' final judgments." Id. Sims now appeals the District Court's denial of her November 2019 motion.

## II.

The City challenges whether we have appellate jurisdiction. This is a threshold issue that we review de novo. Montanez v. Thompson, 603 F.3d 243, 248 (3d Cir. 2010).[1]

While the scope of our appellate jurisdiction is limited, we conclude that the District Court's denial of Sims's November 2019 motion is properly before us. The District Court's order entered May 13, 2020 denying this motion constituted a final order, and Sims filed her timely notice of appeal on June 8, 2020. Fed. R. App. P. 4(a)(1)(A). We therefore have jurisdiction under 28 U.S.C. § 1291 to review the denial of Sims's November 2019 motion. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.19 (3d Cir. 2012) (observing that this Court has "jurisdiction to review a timely appealed order

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331.

disposing of an untimely motion for reconsideration"). But we do not have jurisdiction to review the underlying dismissal of Sims's complaint, which this Court has previously affirmed, or any of Sims's prior post-judgment motions where the time for appeal has long since passed. See Smith v. Evans, 853 F.2d 155, 158 n.1 (3d Cir. 1988) ("We note that even though Rule 60(b) preserves the right to appeal, the appeal may bring up only the subject matter of the 60(b) motion and not the underlying case."), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276–77 (3d Cir. 2010).[2]

III.

Sims's November 2019 motion apparently seeks to relitigate the merits of her complaint and, although a final judgment was previously entered, requests both a final judgment and default judgments against certain defendants. Considering Sims's pro se status before the District Court, we construe this motion as either a motion for reconsideration pursuant to Rule 59(e) or for relief from judgment pursuant to Rule 60(b). See United States v. Fiorelli, 337 F.3d 282, 287–88 (3d Cir. 2003) ("[T]he function of the motion, and not the caption, dictates which Rule is applicable."). We review the denial of Sims's post-judgment motion for an abuse of discretion. Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013).

---

[2] To the extent that Sims asks us to consider whether her complaint was properly dismissed, our prior decision is the law of the case. Under the law of the case doctrine, there is no basis for us to reconsider these previously decided issues. See In re City of Phila. Litig., 158 F.3d 711, 717 (3d Cir. 1998) ("Under the law of the case doctrine, one panel of an appellate court generally will not reconsider questions that another panel has decided on a prior appeal in the same case.").

Any motion pursuant to Rule 59(e) or Rule 60(b)(1), (2), or (3) was filed well after the allowed time period following final judgment. Even assuming that the motion was "made within a reasonable time," Fed R. Civ. P. 60(c)(1), it sets forth no proper basis to find "extraordinary circumstances" that would justify relief under Rule 60(b)(6), and Sims has not advanced any reasons for relief under Rule 60(b)(4) or (5). See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (explaining that extraordinary circumstances under Rule 60(b)(6) "involves a showing that without relief from the judgment, an extreme and unexpected hardship will result") (citation and internal quotation marks omitted). As a result, we hold that the District Court did not abuse its discretion in denying Sims's post-judgment motion.

IV.

For the foregoing reasons, we will affirm the District Court's order.