**Sheldon LOVELACE, Appellant,**

v.

**ACME MARKETS, INC.**

**No. 86–1690.**

United States Court of Appeals, Third Circuit.

Argued May 14, 1987.

Decided May 29, 1987.

Rehearing and Rehearing En Banc Denied July 13, 1987.

Harvey L. Anderson (argued), Fine and Staud, Philadelphia, Pa., for appellant.

Herbert G. Keene, Jr. (argued), Stephen C. Baker, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for appellee.

Before GIBBONS, Chief Judge, MANSMANN, Circuit Judge, and McCUNE, District Judge.*

## OPINION OF THE COURT

GIBBONS, Chief Judge:

This appeal presents a question concerning the interrelationship between Fed.R. Civ.P. 4(c)(2)(B)(iii) and the 120–day period permitted by Fed.R.Civ.P. 4(j) to effect service of process. We must determine whether the district court properly concluded that the plaintiff's reliance upon the representation of a specially-appointed process server, that service had been made on time, failed to establish good cause to excuse the plaintiff's failure to make service of process upon the defendant until 55 days after the 120–day time limit required by Fed.R.Civ.P. 4(j) had expired. We will affirm.

### I.

In October, 1976, the plaintiff, Sheldon Lovelace, was hired as a cashier by the defendant, Acme Markets, Inc. (Acme). Lovelace, who is black, contends that throughout the course of his employment he was discriminated against on the basis of his race. He claims that on May 12, 1984 this discriminatory treatment culminated in his discharge.

On October 29, 1984, Lovelace filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in which he alleged that Acme had discriminated against him on the basis of race. The EEOC issued a Notice of Right to Sue on August 1, 1985. On October 29, 1985 Lovelace filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging a violation of 42 U.S.C. § 2000e–2 (1982) and various pendent state claims.

Lovelace's counsel selected the Fed.R. Civ.P. 4(c)(2)(B)(iii) method for service of process and filed a Motion for Special Ap-

---

* Hon. Barron P. McCune, United States District Judge for the Western District of Pennsylvania, sitting by designation.

pointment to Serve Process designating Michael Damiano for the purpose of serving the summons and complaint upon Acme. The district court granted this motion on October 29, 1985 and Damiano was provided with all the necessary papers and directions for effective service of process upon Acme. On December 2, 1985, Lovelace's counsel received a bill from Damiano that represented that process had been served upon Acme.

On February 26, 1986, coincidentally the 120th day following the institution of the action, and as such the last day under Fed.R.Civ.P. 4(j) to effect timely service of process upon Acme, Lovelace's counsel sent a letter to Damiano requesting adequate proof of such service. Lovelace's counsel was told that the necessary proof would be forthcoming.

On April 1, 1986, Lovelace's counsel received a letter from the clerk for the district to which the case was assigned which stated, first, that the court had not yet received the affidavit of proof of service upon Acme required by Fed.R.Civ.P. 4(g) and, second, that unless Acme were served within 15 days from the date of the letter, the court would commence proceedings to dismiss the action.

Service of process was finally made upon Acme on April 23, 1986, eight days after the deadline set forth in the April 1 letter and 55 days after the deadline established by Fed.R.Civ.P. 4(j).

## II.

Acme brought a motion to dismiss for failure to serve process within the 120–day period provided by Fed.R.Civ.P. 4(j) without good cause. Lovelace contended that the district court had good cause to excuse his failure to serve process within the 120–day period. To support that contention Lovelace alleged that he was misled by the representation of Damiano that process had been served on time when in fact it had not been.

The district court rejected Lovelace's contentions and granted Acme's motion to dismiss without prejudice.[1] The district court concluded that Lovelace did not demonstrate good cause to permit an extension of the 120–day limit. The court determined that Lovelace should have taken additional steps to ensure timely service of process since, under Fed.R.Civ.P. 4(a), the burden to ensure proper and timely service rested upon Lovelace and his attorney.

■ Lovelace subsequently brought a motion seeking to have the district court reconsider its determination. The dismissal of that motion led to this appeal.[2]

## III.

The district court's determination that good cause had not been shown to justify an extension of the 120–day limit established by Fed.R.Civ.P. 4(j) will be affirmed unless it is clear that the district court abused its discretion. *See Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir.1985); *Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985); *Edwards v. Edwards*, 754 F.2d 298, 299 (8th Cir.1985).

■ The 1983 amendments to Fed.R. Civ.P. 4 "were intended primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." 128 Cong. Rec. H9848, 9849 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S.Code Cong. & Admin.News 4434, 4437. Thus, the general service of process rule, Fed.R.Civ.P. 4(c)(2)(A), requires that the "summons and complaint shall ... be

1. We recognize that should we affirm the determination of the district court, Lovelace may effectively be denied his day in court. His EEOC cause of action, to which his state claims are pendent, is subject to a 90–day time limit. Since the EEOC granted Lovelace a Notice of Right to Sue on August 1, 1985, it is arguable that a new suit upon that claim may be time-barred.

2. Acme's contention that the district court's denial to reconsider its dismissal of Lovelace's complaint, without prejudice, is not an appealable order, is unfounded. A motion to reconsider is a motion to alter or amend under Fed.R. Civ.P. 59(e). Thus, the order of the district court denying the motion to reconsider is clearly subject to review on appeal. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 883 (9th Cir.1983).

served by any person who is not a party and is not less than 18 years of age." Fed.R.Civ.P. 4(c)(2)(A). Service of the summons and complaint by United States marshals, their deputies, and specially-appointed process servers provided for in Fed.R.Civ.P. 4(c)(2)(B) is a limited exception to that general rule. While we do not believe that a specially-appointed process server was necessary in order that service be properly effected in this action,[3] such a process server was appointed by the court and it was incumbent upon the plaintiff and his attorney to ensure timely service of process. *See* Fed.R.Civ.P. 4(a). The 120–day limit to effect service of process, established by Fed.R.Civ.P. 4(j) is to be strictly applied, and if service of the summons and the complaint is not made in time and the plaintiff fails to demonstrate good cause for the delay "the court *must* dismiss the action as to the unserved defendant." 128 Cong.Rec. H9848, 9850 (daily ed. Dec. 15, 1982) (emphasis added), *reprinted in* 1982 U.S. Code Cong. & Admin.News 4434, 4441. It was in accordance with the strict interpretation of the 120–day rule intended by its drafters that the district court concluded that good cause had not been shown to excuse the plaintiff's delay.

Legislative history provides only one example where an extension for good cause would be permissible—specifically when the defendant intentionally evades service of process. 128 Cong.Rec. H9848, 9852 n. 25 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S. Code Cong. & Admin.News 4434, 4446 n. 25.

"Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. *See United States For Use of DeLoss v. Kenner General Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir.1985). Furthermore, when a delay is the result of inadvertance of counsel, it need not be excused. *See Wei,* 763 F.2d at 372. Similarly, when there is a lack of diligent effort to ensure timely service of process, an extension of the time for service may be refused. *See Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477–78 (N.D.Ill.1984).

■ The strictly-applied time limit of Fed.R.Civ.P. 4(j) and the requirement of Fed.R.Civ.P. 6(a) that the plaintiff and his counsel ensure timely service of process combine to require that the plaintiff and his counsel be denied the luxury of sitting back and waiting until the 120–day period expires before ensuring that process has been served upon the defendant. When the 120–day period reaches its expiration and adequate proof of service of process has not been received, the plaintiff must take additional steps to ensure timely service of process, or, in the alternative, move under Fed.R.Civ.P. 6(b) for an enlargement of the time to effect service of process. *See* 128 Cong.Rec. H9848, 9851 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S. Code Cong. & Admin.News 4434, 4442; 2 J. Moore, *Moore's Federal Practice* ¶ 4.46 (2d ed. 1986); 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1138 (2d ed. Supp.1985).

■ The misplaced reliance upon the word of the specially-appointed process server produced in the plaintiff and his coun-

---

**3.** Fed.R.Civ.P. 4(c)(3) provides that courts are free to make special appointments to serve process. However, such an appointment can only be made, for the purposes of Fed.R.Civ.P. 4(c)(2)(B)(iii), when such appointment "is required ... in order that service be properly effected in that particular action." Fed.R.Civ.P. 4(c)(2)(B)(iii). A situation in which such an appointment is required is where violence is anticipated. 128 Cong.Rec. H9848, 9851 n. 19 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S. Code Cong. & Admin.News 4434, 4443–44 n. 19.

The limited purpose to which the Fed.R.Civ.P. 4(c)(2)(B)(iii) method was intended to be used is further evidenced by the fact that there is no provision in the rule for an alternative method to serve process if the specially-appointed process server fails. The use of an alternative method is provided for should service by mail be unsuccessful. *See* Fed.R.Civ.P. 4(c)(2)(C)(ii). The absence of a similar proviso in Fed.R.Civ.P. 4(c)(2)(B)(iii) is, we believe, justified by the fact that Fed.R.Civ.P. 4(c)(2)(B)(iii) is intended to be an exception to the general rule for service of process and it is to be used only where it is *required* to effect service of process—i.e., where the other methods provided for in Fed.R.Civ.P. 4 would prove insufficient and inadequate.

sel a belief that process had been served upon the defendant. Secure in that belief, plaintiff and his counsel inadvertently permitted the 120–day period to lapse despite the fact that they were not in possession of adequate proof of service of process upon the defendant. It cannot be said that the acts of plaintiff and his counsel as the 120–day period reached its expiration constituted diligent efforts to ensure timely service of process. Alternative means to effect timely service of process were available, as was Fed.R.Civ.P. 6(b), if additional time to serve process was required. This lack of diligence and inadvertence to the running of the 120–day period, even when dismissal under Fed.R.Civ.P. 4(j) could spell the end of Lovelace's cause of action, cannot be excused if the legislative intent for a strict interpretation of Fed.R.Civ.P. 4(j) is to be followed and the requirement of Fed. R.Civ.P. 4(a) is not to be rendered illusory. *See Braxton v. United States,* 817 F.2d 238 (3d Cir.1987).

## IV.

We recognize that Lovelace may well be harmed by this determination, but we cannot conclude that the district court abused its discretion by refusing to excuse the 55–day delay under the circumstances presented. The order appealed from will therefore be affirmed.