Decided March 9, 1989

650

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

ANTONIA GUERRERO,                          )    CIVIL ACTION NO. 86-814
                                           )
                Plaintiff,                 )
                                           )
        vs.                                )    **ORDER OF DISMISSAL**
                                           )
L & T INTERNATIONAL, et al.,               )
                                           )
                Defendants.                )
_____     )

## BACKGROUND

On December 7, 1985 plaintiff was allegedly injured by defendant William Lely. Plaintiff's complaint against Lely was filed on October 24, 1986.

Lely was incarcerated in the United States Federal Penitentiary at Texarkana, Arkansas from October, 1986 until he was transferred to the Division of Corrections on Saipan on September 4, 1987.

On December 3, 1986 this court issued an order granting plaintiff's motion for substituted service on Lely. The order noted that Lely was believed to be in a federal prison and conditioned service by publication on Lely upon a showing that plaintiff had made a reasonable effort to personally serve him.

On November 9, 1988 Lely was personally served with plaintiff's summons and complaint.

651

## TIME LIMITS FOR SERVICE

Lely now moves this court to dismiss plaintiff's action against him for insufficiency of service of process pursuant to Com.R.Civ.Pro. Rule 12(b)(5). It is Lely's contention that dismissal in this instance is mandatory because plaintiff did not serve him within 120 days after the complaint was filed in accordance with Com.R.Civ.Pro. Rule 4(j).

Commonwealth Rules of Civil Procedure, Rule 4(j), reads as follows:

> "Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion." (emphasis added).

A plain reading of Rule 4(j) indicates that a complaint which is not served within 120 days after it is filed must be dismissed unless plaintiff can show good cause why service was not made during that period. See, Norlock v. City of Garland, 768 F.2d 654, 657-58 (5th Cir. 1985) (under Rule 4(j), dismissal is mandatory upon finding that service not made within the specified period and that good cause to extend the time does not exist.).

In the instant case, it is clear that plaintiff did not service Lely within 120 days after the filing of her complaint. Therefore, unless plaintiff can show good cause for

652

her tardiness this court must dismiss the action against Lely. Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3rd Cir. 1987). In opposing this motion, plaintiff has offered no reason why she failed to serve Lely within the time period mandated by Rule 4(j). Thus, Lely's motion to dismiss must be granted.

## STATUTE OF LIMITATIONS

The statute of limitations on plaintiff's cause of action was two years. 7 CMC § 2503. However, since Lely was residing in a federal prison for approximately 11 months after plaintiff's cause of action had accrued against him, this time of absence shall be excluded in determining the time limit for commencement of the action. 7 CMC § 2508. In other words, the 11 months must be added to the two year statute of limitations. Therefore, the statute of limitations on this action expired in November, 1988. Plaintiff contends that it would be unfair to dismiss this action now because plaintiff would be effectively precluded from filing a new complaint since such an action would be barred by the appropriate statute of limitations.

Plaintiff had the opportunity to serve Lely by publication yet failed to do so. Plaintiff could have requested an extension of time to serve her summons and complaint under Com.R.Civ.Pro. Rule 6(b). Yet plaintiff failed to take any action whatsoever for almost two years. Therefore, plaintiff must suffer the consequences of dismissal without prejudice but with the knowledge that any attempt to refile this action will be met with a successful statute of limitations challenge. See, Burks v. Griffith, 100 FRD 491, 493 (N.D. N.Y. 1984).

Accordingly, for the reasons stated above and under the authority of Rule 4(j),

IT IS HEREBY ORDERED that the complaint be dismissed without prejudice as to defendant William Lely.

Dated at Saipan, MP, this 9th day of March, 1989.

Robert A. Hefner, Chief Judge