Cassie A. **HUBBARD** f/k/a Cassie Wickes, Plaintiff,

v.

**AID ASSOCIATES, INC.,** Defendant.

Civ. A. No. 90–219 MMS.

United States District Court, D. Delaware.

March 25, 1991.

---

George E. Rohrmann, Jr., of UAW Legal Services Plan, Newark, Del., for plaintiff.

Elwyn Evans, Jr., Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Plaintiff Cassie A. Hubbard[1] filed an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, on May 7, 1990. Service was not made until September 24, 1990. On November 9, 1990, defendant Aid Associates, Inc., filed a motion to dismiss based upon Fed.R.Civ.P. 4(j) by reason of plaintiff's failure to make service within 120 days of the filing of the complaint.[2] This court has jurisdiction pursuant to 15 U.S.C. § 1692k(d). For reasons stated below, defendant's motion to dismiss will be granted.

Defendant sent two allegedly objectionable, separate collection notices to plaintiff, the last dated May 25, 1989. Plaintiff filed her summons and complaint on May 7, 1990. On June 7, 1990, in contravention of Fed.R.Civ.P. 4(f), the summons and complaint were sent by mail directly to the defendant even though defendant is not located within the territorial boundaries of the State of Delaware.[3] While an erroneous method of service, the mailed summons and complaint were apparently received by

defendant. Plaintiff discovered her error and on July 17, 1990 filed an Alias Praecipe pursuant to Fed.R.Civ.P. 4(e), providing for service upon the Secretary of State on behalf of defendant pursuant to 10 *Del.C.* § 3104(d), the Delaware Long Arm Statute. On that date, the clerk of the court issued the summons, and plaintiff apparently took no further steps until September 18, 1990, when she mailed the summons and complaint to the Secretary of State. On September 25, 1990, plaintiff received the Secretary of State's acknowledgement of receipt of the summons and complaint, dated September 24, 1990, twenty days after the 120-day period for service of process established by Fed.R.Civ.P. 4(j). Plaintiff never moved under Fed.R.Civ.P. 6(b) for an extension of time to make service.

Before turning to an analysis, two facts must be kept in mind. First, while proper service was not effected until 20 days after the deadline established in Rule 4(j), defendant knew of the complaint by reason of the plaintiff's erroneous service by mail on June 7, 1990. Second, since the last act complained of occurred on May 25, 1990, dismissal without prejudice will result in plaintiff being barred in a subsequent suit by reason of a one-year statute of limitation contained in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).

Analysis

Rule 4(j) provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint *and the party on whose behalf such service was required cannot show good cause why such service was not made within that period,* the action shall be dismissed as to that defendant without prejudice on the court's own initiative with notice to such party or upon motion....

---

1. Plaintiff's surname was formerly Wickes.

2. Defendant made its motion under Fed.R.Civ.P. 12(b)(6). However, it is actually a Rule 12(b)(5) motion based upon insufficiency of service of process.

3. The foregoing facts are taken from plaintiff's answering brief, Docket Item ("Dkt.") 9, and from the court file. Plaintiff did not file an affidavit setting forth the grounds allegedly constituting good cause for failure to comply with the 120-day limit of Rule 4(j).

(emphasis added). The discrete issue is whether counsel's inadvertence constitutes good cause within the meaning of Rule 4(j).

The 1983 amendments to the Federal Rules of Civil Procedure of which subsection 4(j) was a part had as its objective the relieving of the United States Marshals of their prior burden of serving summonses and complaints. The drafters and Congress realized the unarticulated reliance of courts on the propriety and promptness of service by the Marshals would no longer be operative. As a consequence, subsection (j) was added to assure the summons and complaint would be served within 120 days of the filing of the complaint. The purpose of the 120–day limit was to promote prompt movement of civil actions.

The Third Circuit Court of Appeals rigidly construes the requirements of this rule. "The 120–day limit to effect service of process, established by Fed.R.Civ.P. 4(j) is to be strictly applied, and if service of the summons and complaint is not made in time and the plaintiff fails to demonstrate good cause for the delay, *'the court must dismiss* this action as to the unserved defendant.'" *Lovelace v. Acme Markets, Inc.,* 820 F.2d 81, 84 (3d Cir.1987), (quoting 128 Cong.Rec. H9848, 9850 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S.Code Cong. & Admin.News 4434, 4441) (emphasis added), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *MacCauley v. Wahlig,* 130 F.R.D. 302 (D.Del.1990).

The legislative history of Rule 4(j) provides only one example where an extension for good cause would be permissible, namely, the obvious circumstance where a defendant intentionally evades service. 128 Cong.Rec. H9848, 9852 n. 25 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S.Code Cong. & Admin.News, 4434, 4446 n. 25. *See Lovelace v. Acme Markets, Inc.,* 820 F.2d at 84.

The Third Circuit appellate court has noted that while "good cause" is not defined by Rule 4(j) itself, it should require at least as much as would be required to show excusable neglect. *Braxton v. United States,* 817 F.2d 238, 241 (3d Cir.1987). Subsequently, the appellate court enunciated two tests for determining whether excusable neglect exists within the context of a Rule 4(j) motion. Under the test set forth in *Dominic v. Hess Oil Virgin Island Corp.,* 841 F.2d 513 (3d Cir.1988), the plaintiff may establish excusable neglect by demonstrating good faith and "some reasonable basis for noncompliance within the time specified in the rules." *Id.,* at 517, *quoting,* Wright & Miller, Federal Practice and Procedure, § 1165 (1987). In *Green v. Humphrey Elevator & Truck Co.,* 816 F.2d 877 (3d Cir.1987), the appellate court indicated that, in some circumstances, excusable neglect may be demonstrated by a diligent plaintiff who makes every effort to comply with the dictates of Rule 4 but who nonetheless exceeds the 120–day limit. *Id.* at 880.

Under the *Dominic* test, a district court must apply five criteria in order to evaluate the "reasonable basis" for noncompliance with Rule 4: 1) whether the inadvertence reflected professional incompetence such as ignorance of the rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence, or 5) whether the inadvertence resulted despite counsel's substantial good effort toward compliance. *Dominic,* at 517 (citations omitted).

The court finds that the plaintiff fails to demonstrate a reasonable basis for noncompliance. First, counsel for the plaintiff attempted to serve the defendant by mail in contravention of Rule 4(f) thereby frittering away seventy-one days of the time allotted under Rule 4(j) before learning of the error. Second, counsel failed to provide for a readily foreseeable consequence of dismissal through his neglect to timely serve the Secretary of State on behalf of the defendants. Finally, incorrect use of service by mail and the delay in mailing the summons and complaint to the Secretary of State demonstrates total inattention to an important procedural rule and a lack of diligence on the part of counsel.

The plaintiff fares no better under the *Humphrey Elevator* test, requiring a demonstration that the plaintiff has exerted every effort to comply with the rule. "When the 120–day period reaches its expiration and adequate proof of service of process has not been received, the plaintiff must take additional steps to ensure timely service of process, or in the alternative, move under Fed.R.Civ.P. 6(b) for an enlargement of the time to effect service of process." *Lovelace v. Acme Markets, Inc.,* 820 F.2d at 84. While some courts have held that a failure to move for an extension of time under Rule 6(b) does not necessarily indicate an absence of good cause in and of itself, *see Geller v. Newell,* 602 F.Supp. 501 (S.D.N.Y.1984), here the plaintiff not only failed to move under Rule 6(b), but she did nothing to ensure timely service of process within the 120–day period. Consequently, the court finds the plaintiff fails the "every effort" test of *Humphrey Elevator.*

Further, authority within the Third Circuit and elsewhere holds that an inadvertent failure to exercise oversight on the part of counsel does not constitute good cause. *Lovelace, supra; Braxton v. United States, supra; Hart v. United States,* 817 F.2d 78 (9th Cir.1987); *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304 (5th Cir.1985); *Wei v. State of Hawaii,* 763 F.2d 370 (9th Cir.1985); *Geller v. Newell,* 602 F.Supp. 501 (S.D.N.Y.1984). Even in cases where good cause was found, there is strong language that inadvertence does not constitute good cause. *Geller, supra; Arroyo v. Wheat,* 102 F.R.D. 516 (D.Nev. 1984). The reason is if inadvertence of counsel did constitute good cause, the good cause exception would swallow Rule 4(j). *Wei,* 763 F.2d at 372.

Plaintiff urges her action should not be dismissed because defendant suffered no prejudice by reason of plaintiff not having made service without the Rule 4(j) 120–day period. Prior to Rule 4(j), Rule 4 contained no time limit for service of the summons and complaint. The courts filled this vacuum with a two-prong test: Did plaintiff exercise due diligence and did the delay substantially prejudice the defendant? *Pe-*

*ters v. E.W. Bliss Co., a Division of Gulf & Western, Inc.,* 100 F.R.D. 341, 343 (E.D. Pa.1983); *see, Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300, 306 (10th Cir.1971), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971). With the advent of Rule 4(j), courts are guided by a time limit with a relief valve (good cause) and prejudice to defendant is no longer a criteria. The principle is perhaps no better illustrated than in *Lovelace, supra,* where the Third Circuit appellate court upheld a district court's dismissal which resulted in plaintiff being barred by reason of a statute of limitation defense. The fact as in this case that a dismissal without prejudice will result in a time bar to a plaintiff in a subsequently filed action does not constitute good cause. *Lovelace, supra; Winters, supra; Wei, supra.*

An order of dismissal will be entered in accordance with this opinion.