### Marla M. BASCOMBE, Plaintiff,

v.

### The OWNERS' ASSOCIATION OF the ESTATE OF QUESTA VERDE TOWNHOUSES, a condominium, Richard Scoville and Howard Hunt, Defendants.

#### Civ. No. 1990/259.

District Court, Virgin Islands, D. St. Croix.

June 26, 1992.

**518**

Edward Haskins Jacobs, Jacobs & Brady, St. Croix, VI, for plaintiff.

Joel Marsh, Charlotte Amalie, St. Thomas, VI, for defendant Owners' Ass'n.

Douglas Capdeville, St. Croix, VI, for defendant Richard Scoville.

James Hymes, III, Charlotte Amalie, St. Thomas, VI, for defendant Howard Hunt.

### ORDER

RESNICK, United States Magistrate Judge.

THIS MATTER is before the court on plaintiff's motion for extension of time to serve defendant, Scoville, citing an earlier attempt at service and Scoville's absence from St. Croix at such time.

Plaintiff filed this complaint on October 12, 1990 against Scoville and other defendants. Plaintiff's process server unsuccessfully attempted service on Scoville between October 12, 1990 and October 17, 1990, noting on his return affidavit "information received that Richard Scoville is now living in the States." Plaintiff took no further action in such regard until this motion, filed April 15, 1992, wherein plaintiff notes that "Richard Scoville is now residing again on the island of St. Croix.."

Fed.R.Civ.P. 4(j) requires a plaintiff to serve a defendant with a copy of the summons and complaint within one hundred twenty (120) days of the filing of the complaint. The rule further states that if service is not completed within that time and plaintiff cannot show good cause why such service was not made, the action must be dismissed without prejudice. The Third Circuit has interpreted Rule 4(j) strictly and has construed the word "shall" as making dismissal mandatory. *Ocasio v. City of Philadelphia*, No. 88–8409, 1989 WL 126287 (E.D.Pa.1989) (LEXIS, Genfed library, Courts file); *Hilmon Co. (V.I.) Inc. v. Hyatt International*, 899 F.2d 250 (3d Cir.1990).

The Third Circuit also places the burden of proving "good cause" on the party responsible for effecting service. "Good cause" focuses on the plaintiff's diligence in *attempting* service on the defendant. *Dominic v. Hess Oil*, 841 F.2d 513 (3d Cir.1988) (emphasis added). In determining whether there was "good cause" for the delay, the court is required to consider plaintiff's reasonable efforts to *effect* service. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, (3d Cir. 1987) (emphasis added).

In this case, plaintiff has failed to meet her burden of showing "good cause" why service was not completed within the prescribed period. Plaintiff asserts that she attempted timely personal service in St. Croix but that defendant, Scoville, was elsewhere. However, plaintiff did not move for an extension of time or for leave to otherwise effectuate service on Scoville. Indeed, plaintiff did nothing for eighteen (18) months prior to filing this motion.

For the reasons stated above, it is hereby;

ORDERED that plaintiff's motion for extension of time to serve defendant, Scoville, outside the one hundred twenty (120) day time period is DENIED WITHOUT PREJUDICE.