**Robert N. SMITH, Plaintiff,**

v.

**ICI AMERICAS, INC., Defendant.**

**Civ. A. No. 92–308–JLL.**

United States District Court,
D. Delaware.

Nov. 3, 1992.

John J. Sullivan, Jr., of Schmittinger & Rodriguez, Dover, Del., for plaintiff.

Joseph C. Kelly of ICI Americas, Inc., Wilmington, Del., and Steven R. Wall and Catherine Reid, of Morgan, Lewis & Bockius, Phila. Pa., of counsel, for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I.  INTRODUCTION

Defendant, ICI Americas Inc., has brought two motions before this Court. The first is a motion for reconsideration of the October 6, 1992 *ex parte* order enlarging time for service of process (Docket Item ["D.I."] 11.)  The second is a motion for dismissal of the complaint without prejudice in accordance with Federal Rule of Civil Procedure 4(j).  (D.I. 10.)  For the reasons set forth below, this Court will grant both motions.

### II.  FACTS

Plaintiff, Robert N. Smith, filed a complaint commencing an action for damages incurred by an alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. § 321 *et seq.*, in this Court, on May 29, 1992.[1]  (D.I. 1.)  Federal Rule of Civil Procedure 4(j) requires that a summons and complaint be served upon the defendant within 120 days after the filing of the complaint, which in this case would require service by September 26, 1992.  On August 1, 1992—sixty-four days after filing the complaint—plaintiff's counsel delivered the summons and complaint to a process server for service upon defendant.  Between August 1, 1992 and September 28, 1992, plaintiff's counsel repeatedly contacted the process server and was repeatedly assured that service had been completed and that a signed proof of service would be delivered shortly.  However, no such proof of service was delivered.  (D.I. 14 at 1.)  Defendant was served on October 5, 1992, which was eight days later than the one hundred twenty days mandated by Federal Rule of Civil Procedure 4(j).  (D.I. 5.)  On October 6, 1992, plaintiff made a motion for enlargement of time for service of process pursuant to Federal Rule of Civil Procedure 6(b) which this Court granted.  (D.I. 3.)  On October 21, 1992, defendant filed a motion for reconsideration of the October 6, 1992 order enlarging time for service of process, (D.I. 11), and a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(j).  (D.I. 10.)

### III.  DISCUSSION

#### A.  *The Motion For Reconsideration*

Federal Rule of Civil Procedure 6(b) states in relevant part:

When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged *if request therefor is made before the expiration of the period originally prescribed* or as extended by a previous order, or (2) *upon motion made after the expiration of the specified period* permit the act to be done where the

---

1.  Federal Rule of Civil Procedure 3 states:
     A civil action is commenced by filing a complaint with the court.

failure to act was the result of *excusable neglect....*

Fed.R.Civ.P. 6(b) (emphasis added).

Plaintiff made his motion for enlargement of time for service of process after the 120 day time period had already expired. Thus, the more lenient provisions of subsection (1) of Rule 6(b) were not applicable. Instead, in order for an extension to be granted, plaintiff's failure to timely serve had to "be the result of excusable neglect" as stated in subsection (2) of Rule 6(b). Plaintiff has not met that excusable neglect standard and thus, upon reconsideration, his motion will be denied.

The Third Circuit has found the requirements of "excusable neglect" found in Rule 6(b)(2) and "good cause" as used in Rule 4(j) to be similar.

> Failure to comply may be excused if the party can show "good cause," a phrase that is not defined by the rule itself. One court, however, has evaluated the test as requiring "at least as much as would be required to show excusable neglect." ... That term is used in Fed. R.Civ.P. 6(b)(2), where an enlargement of time may be allowed on motion after the prescribed time has elapsed.

*Braxton v. United States*, 817 F.2d 238, 241 (3rd Cir.1987). The Third Circuit has also specifically held that a plaintiff's attorney's reliance on a dilatory process server does not constitute "good cause". *Id.* at 242. The *Braxton* court focused on the "lack of oversight by counsel" stating "inadvertence of counsel does not constitute good cause." *Id.*

Plaintiff attempts to distinguish his situation from that described in *Braxton* by focusing on the fact that in *Braxton* the attorney did not rely on the word of the process server but was independently dilatory and had to be notified by the court that the time had elapsed. The Third Circuit, however, has expressly addressed this issue and held that reliance upon the word of a process server does not constitute good cause for failing to meet the 120 day service requirement of Federal Rule of Civil Procedure 4(j). *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 83 (3rd Cir.1987).

In *Lovelace* the plaintiff had contended that he had "had good cause to excuse his failure to serve process within the 120–day period. To support that contention ... [plaintiff] alleged that he was misled by the representation of ... [the process server] that process had been served on time when in fact it had not been." *Id.* at 83. Nonetheless, the Third Circuit upheld the district court's finding that such reliance did not constitute good cause because "the burden to ensure proper and timely service rested upon ... [plaintiff] and his attorney" and additional steps to ensure timely service should have been taken. *Id.*

In *Lovelace*, the court also stressed the narrow construction intended by Congress for the term "good cause". "[L]egislative history provides only one example where an extension for good cause would be permissible—specifically when the defendant intentionally evades service of process." *Id.* at 84 (citation omitted).

This Court can find no meaningful distinction between the reliance of plaintiff's counsel on the word of his process server and the reliance expressly rejected by the Third Circuit in *Lovelace*. In fact, the two situations are so indistinguishable that the *Lovelace* court might have been speaking of this case when it said:

> The misplaced reliance upon the word of the ... process server produced in the plaintiff and his counsel a belief that process had been served upon the defendant. Secure in that belief, plaintiff and his counsel inadvertently permitted the 120–day period to lapse despite the fact that they were not in possession of adequate proof of service of process upon the defendant. It can not be said that the acts of plaintiff and his counsel as the 120–day period reached its expiration constituted diligent efforts to ensure timely service of process. Alternative means to effect timely service of process were available, as was Fed.R.Civ.P. 6(b) [2], if additional time to service process

---

**2.** The *Braxton* court was clearly referring to a   motion pursuant to Rule 6(b)(1) which is a

was required. This lack of diligence and inadvertence to the running of the 120–day period, even when dismissal under Fed.R.Civ.P. 4(j) could spell the end of ... [plaintiff's] cause of action, cannot be excused if the legislative intent for a strict interpretation of Fed.R.Civ.P. 4(j) is to be followed and the requirements of Fed.R.Civ.P. 4(a) is not to be held illusory.

*Id.* at 84–85. Thus, upon reconsideration, the Court will vacate the October 6, 1992 order enlarging the time for service of process.

### B. *The Motion To Dismiss*

Federal Rule of Civil Procedure 4(j) reads in relevant part:

> If service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period the action *shall be dismissed* as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion....

Fed.R.Civ.P. 4(j) (emphasis added). Therefore, according to Rule 4(j) unless good cause can be shown as to why service was not completed within the 120 days, the Court has no discretion and must dismiss the complaint. As discussed *supra,* plaintiff did not meet the requirements for a showing of good cause.[3]

### IV. CONCLUSION

For the reasons stated above, after reconsideration, this Court will vacate the October 6, 1992 (D.I. 11) order enlarging time for service of process and will grant defendant's motion for dismissal in accordance with Federal Rule of Civil Procedure 4(j). An order will be entered forthwith in accordance with this opinion.

---

motion before the expiration of the allotted time, and not a motion pursuant to Rule 6(b)(2) which is the motion plaintiff made in this case.

**3.** In fact, the *Lovelace* case, discussed at length *supra,* was specifically addressing good cause requirement of Rule 4(j).