# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ELISHA BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. N16C-10-177 JRJ |
| | ) | |
| TAKEDA PHARMACEUTICALS | ) | |
| AMERICA, INC.; TAKEDA | ) | |
| PHARMACEUTICALS U.S.A., INC., | ) | |
| f/k/a TAKEDA PHARMACEUTICALS | ) | |
| NORTH AMERICA, INC.; TAKEDA | ) | |
| PHARMACEUTICAL COMPANY | ) | |
| LIMITED; and ELI LILLY AND | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Date Submitted: June 16, 2017
Date Decided: August 7, 2017

*Upon Plaintiff's Motion for Order Extending, for Cause, the Time Limit for Service of Process Under Rule 4(j) of the Superior Court Civil Rules*: **DENIED.**

James D. Heisman, Esquire, Napoli Shkolnik, LLC, 919 North Market Street, Suite 1801, Wilmington, Delaware, Attorney for Plaintiff.

Philip A. Rovner, Esquire, and Jonathan A. Choa, Esquire, Potter Anderson & Corroon, LLP, Hercules Plaza, P.O. Box 951, Wilmington, Delaware, Attorneys for Defendants.

**Jurden, P.J.**

# I. INTRODUCTION

Plaintiff Elisha Ballard filed a Complaint in this Court against Defendants Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals U.S.A., Inc., f/k/a Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceutical Company Limited, and Eli Lilly and Company (collectively "Defendants") on October 21, 2016 (the "Elisha Ballard Action"), alleging causes of action related to Plaintiff's use of the prescription drug Actos®. Plaintiff's counsel failed to serve Defendants within 120 days as required under Rule 4(j) of the Superior Court Civil Rules. Almost two months after the 120-day time limit had run, Plaintiff's counsel filed a "Motion for Order Extending, for Cause, the Time Limit for Service of Process Under Rule 4(j) of the Superior Court Civil Rules." For the reasons set forth below, Plaintiff's Motion is **DENIED**.

# II. BACKGROUND

The Elisha Ballard Action is one of a number of Actos cases filed in this Court by Plaintiff's counsel. Elisha Ballard and plaintiffs in the other Actos cases allege that the use of Actos caused the plaintiffs to develop bladder cancer.[1] The relevant background is as follows. Plaintiff's counsel is the managing partner of his firm's Delaware office and is responsible for office operations including the filing and

---

[1] *E.g.*, Complaint (Trans. ID. 59731526).

service of complaints.[2] Plaintiff's counsel delegated responsibility for the filing and service of pharmaceutical complaints, including the Elisha Ballard Complaint, to a paralegal acting under his direction.[3]

On August 30, 2016, the paralegal filed a complaint in this Court on behalf of Jerry Ballard against Defendants, alleging personal injuries as a result of ingesting Actos (the "Jerry Ballard Action").[4] Attached to the Jerry Ballard Complaint were praecipes requesting the issuance of process.[5] The Prothonotary issued the requested writs, directing the Sheriff of New Castle County to serve two of the four Defendants, Takeda Pharmaceuticals America, Inc. and Takeda Pharmaceuticals U.S.A., Inc. (the "Delaware Defendants"), and directing Plaintiff's counsel to serve the non-Delaware Defendants in accordance with 10 *Del. C.* § 3104, Delaware's long-arm statute, and in accordance with Article 5 of the Hague Convention when appropriate.[6] On October 17, 2016, the Sheriff filed Sheriff's Returns attesting that he had served the Delaware Defendants.[7] It is not clear from the record whether the

---

[2] Affidavit of James D. Heisman ("Pl.'s Counsel Aff.") ¶¶ 1–2 (Trans. ID. 60744707).

[3] *Id.* ¶ 3; Motion for Order Extending, for Cause, the Time Limit for Service of Process Under Rule 4(j) of the Superior Court Civil Rules ("Pl.'s Mot."), Ex. B Affidavit of Elizabeth Bonfiglio ("Paralegal Aff.") ¶ 1 (Trans. ID. 60504882).

[4] Paralegal Aff. ¶ 2; Jerry Ballard Action Complaint (Trans ID. 59493087). The Jerry Ballard Action case number is N16C-08-253 JRJ.

[5] Jerry Ballard Action New Castle County Praecipe, 10 *Del. C.* § 3104 Praecipe, and Hague Convention Praecipe (Trans. ID. 59493087).

[6] *Id*; Jerry Ballard Action Writs Issued (Trans. ID. 59634096).

[7] Jerry Ballard Action Sheriff's Return (Trans. ID. 59705210); Jerry Ballard Action Sheriff's Return (Trans. ID. 59705209).

non-Delaware Defendants were properly served because Plaintiff's counsel did not file any proof of service under § 3104 for the non-Delaware Defendants.[8] Nevertheless, on November 2, 2016, the Defendants filed an answer in the Jerry Ballard Action.[9]

On October 21, 2016, the paralegal filed the Elisha Ballard Complaint,[10] and on November 28, 2016, the paralegal began the process of obtaining the writs necessary for service of process in the Elisha Ballard Action by ordering checks payable to the New Castle County Sheriff from the firm's accounting department.[11] Having received the checks, on December 7, 2016, the paralegal confused the Elisha Ballard Action with the Jerry Ballard Action and "mistakenly printed and delivered the earlier filed [Jerry] Ballard case to the [P]rothonotary to obtain writs for service."[12] On January 18, 2017—more than 120 days after Jerry Ballard Complaint was filed—the Prothonotary issued the requested Jerry Ballard Action writs, including writs directed to Plaintiff's counsel to complete long-arm and Hague Convention service.[13] Again, the Sheriff served the Delaware Defendants and filed

---

[8] *See* Rule 4(h) ("In an action in which the plaintiff serves process pursuant to 10 *Del. C.* § 3104, § 3112 or § 3113, the defendant's return receipt and the affidavit of the plaintiff or the plaintiff's attorney of the defendant's nonresidence and the sending of a copy of the complaint with the notice required by the statute shall be filed as an amendment to the complaint within 10 days of the receiving by the plaintiff or the plaintiff's attorney of the defendant's return receipt . . . .").

[9] Jerry Ballard Action Defendants' Answer (Trans. ID. 59779728).

[10] Pl.'s Mot. ¶ 3; Paralegal Aff. ¶ 4.

[11] Pl.'s Counsel Aff. ¶ 4; Paralegal Aff. ¶ 5.

[12] Paralegal Aff. ¶ 6.

[13] Jerry Ballard Action Writs Issued (Trans. ID. 60098688).

Sheriff's Returns attesting to service,[14] and again, the record is not clear regarding service of the long arm writs. In her affidavit, the paralegal explains that the second set of Jerry Ballard long arm writs were "internally misfiled" due to an unspecified clerical error.[15] As a result, the long arm writs were not served until the clerical error was discovered.[16]

On April 11, 2017, the Court held a scheduling conference to consolidate seven of the Actos cases filed by Plaintiff's counsel, not including the Elisha Ballard Action, for pre-trial purposes.[17] After this conference, Plaintiff's counsel asked the paralegal to review his Actos cases to ensure that service on Takeda Pharmaceutical Company Limited, a Japanese entity, was consistent with the Case Management Order.[18] At this point, Plaintiff's counsel learned of his failure to serve Defendants in the Elisha Ballard Action.[19]

---

[14] Jerry Ballard Action Sheriff's Return (Trans. ID. 60098688); Jerry Ballard Action Sheriff's Return (Trans. ID. 60133489).

[15] Paralegal Aff. ¶ 7 ("Plaintiffs' counsel received approximately 12 bankers' boxes full of summonses and complaints to be served in the month of January, 2017, including the second issued Jerry Ballard long arm writs. As a result of a clerical error, these Jerry Ballard long arm writs were mistakenly attached to another complaint and internally misfiled. The long arm writs were promptly mailed upon discovery of this clerical error.").

[16] Id.; Jerry Ballard Action Affidavits of Service (Trans. ID. 60448380). Neither the paralegal's affidavit nor the affidavit of Plaintiff's counsel explains how the clerical error was discovered, by whom, or what events precipitated its discovery. In any event, another opportunity to discover both the double service in the Jerry Ballard Action and the lack of service in the Elisha Ballard Action was lost.

[17] Case Management Order filed in multiple cases (Trans. ID. 60457834).

[18] May 24, 2017 Hearing Transcript ("Hr'g Tr.") at 4:12–17 (Trans ID. 60652263); Paralegal Aff. ¶ 8.

[19] Pl.'s Mot. ¶ 8.

On April 21, 2017, Plaintiff's counsel filed the instant Motion seeking an enlargement of time for service of process in the Elisha Ballard Action. In support of the Motion, Plaintiff's counsel included an affidavit from his paralegal in which the paralegal acknowledges that she confused the Elisha Ballard Action with the Jerry Ballard Action, leading to the initial failure to request issuance of service writs in the Elisha Ballard Action.[20] However, the paralegal does not explain in her affidavit what, if any, oversight or support she received from attorneys at the firm in connection with the filing and serving of the complaints.[21]

On May 24, 2017, the Court held oral argument and asked Plaintiff's counsel how something like this could have happened.[22] Plaintiff's counsel stated, without any further explanation, that a good faith effort was made to serve the Defendants and that internal checks were in place to track service.[23] In response, defense counsel suggested that, in "putting the blame on this paralegal," Plaintiff's counsel failed to account for an apparent lack of institutional procedure that should have caught and corrected the mistake within 120 days of the filing of the Elisha Ballard Complaint.[24]

---

[20] Paralegal Aff. ¶ 6.

[21] *See* Del. Lawyers' R. Prof'l Conduct 5.3 ("With respect to a nonlawyer employed or retained by or associated with a lawyer: (a) a partner in a law firm . . . shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer; (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer . . . .")

[22] Hr'g Tr. at 3:11–16.

[23] *Id.* at 3:17–4:2.

[24] *Id.* at 6:11–7:15.

Conspicuously, Plaintiff's counsel's only response to defense counsel's allegation of "a firm-wide institutional deficiency" was reasserting that "[i]t was an honest, good faith mistake," and "[w]e tried to make service."[25] When the Court specifically pressed Plaintiff's counsel on his failure to realize that something had gone awry despite multiple occasions upon which he should have been alerted either to the double process in the Jerry Ballard Action or to the lack of process in the Elisha Ballard Action, Plaintiff's counsel agreed that there were opportunities to discover the mistake, but offered no explanation of what efforts he, the attorney responsible for service of process, undertook to track service of process.[26]

Troubled by, and not satisfied with, Plaintiff's counsel's failure to account for his own actions in this case, the Court ordered Plaintiff's counsel to submit an affidavit explaining what measures he took to ensure timely service of process.[27] In his affidavit, Plaintiff's counsel avers that "service events were tracked by [the paralegal] to ensure timely service and reported to me" and that he had regular meetings with the paralegal "to discuss service tracking issues."[28]

---

[25] Id. at 7:1, 12:7–18.
[26] Id. at 16:13–23.
[27] June 5, 2017 Letter from the Court to Plaintiff's Counsel (Trans. ID. 60681937).
[28] Pl.'s Counsel Aff. ¶¶ 8–9.

## III. PARTIES' CONTENTIONS

Plaintiff argues that good cause exists to extend the Rule 4(j) 120 day window to effect service because the error in service was "an honest mistake."[29] Plaintiff further argues that none of the Defendants in the Elisha Ballard Action will be prejudiced if the Court grants Plaintiff's Motion.[30]

Defendants counter that Plaintiff's counsel has failed to show good cause as required under Rule 4(j).[31] Specifically, Defendants contend that, at a minimum, Plaintiff's counsel should have noticed the error in service when the Sheriff did not file returns of service in the Elisha Ballard Action for the Delaware Defendants and when no Defendant answered the Complaint in the Elisha Ballard Action.[32] Defendants further contend that Plaintiff's counsel's inaction and inattention preclude a finding of good faith.[33]

## IV. STANDARD OF REVIEW

Superior Court Civil Rule 4(j) allows service to be perfected after the 120-day window has closed only if the requesting party shows "good cause" why service was

---

[29] Hr'g Tr. at 11:16–20.

[30] Pl.'s Mot. ¶ 11.

[31] Defendants' Opposition to Motion for Order Extending, for Cause, the Time Limit for Service of Process Under Rule 4(j) of the Superior Court Civil Rules at 1–2 (Trans. ID. 60620205).

[32] *Id.* at 2.

[33] *Id.; see Doe v. Catholic Diocese of Wilmington, Inc.*, 2010 WL 2106181, at *5 (Del. Super. May 26, 2010) ("If total inaction were to constitute a good faith effort, Rule 4 would be rendered meaningless."); *Huelsenbeck v. Fermin-Jimenez*, 2013 WL 2481533, at *1 (Del. Super. June 7, 2013) (denying plaintiff's Rule 4(j) motion where "[t]he record here shows an almost complete lack of diligence by [p]laintiffs").

8

not made within 120 days. Rule 4 does not define good cause, but Delaware courts interpret good cause to require a showing of excusable neglect, meaning a showing of "good faith" and a "reasonable basis for noncompliance."[34] Stated differently, excusable neglect is that "neglect which might have been the act of a reasonably prudent person under the circumstances."[35] "In determining whether the moving party's neglect was 'excusable,' all surrounding circumstances may be considered."[36] Delaware public policy favors allowing a litigant their day in court, and "[R]ule [4(j)] seeks to balance the need for speedy, just and efficient litigation" with this public policy.[37]

Dismissal of a claim is a severe penalty, and courts are reluctant to apply dismissal except as a last resort.[38] However, Rule 4(j) provides no option other than dismissal when a plaintiff cannot show good cause, and the Court has denied motions to enlarge time made after the 120-day time limit has run even when the denial would preclude a cause of action against a defendant because the statute of limitations has run.[39] A plaintiff cannot rely on the prejudice they will suffer if their claims are

---

[34] *Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998) (quoting *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)).
[35] *Id.* (quoting *Cohen v. Brandywine Raceway Assoc.*, 238 A.2d 320, 325 (Del. Super. 1968)).
[36] *DiSabatino v. DiSabatino*, 922 A.2d 414, 2007 WL 812766, at *3 (Del. 2007) (TABLE) (citing *McDonald v. S & J Hotel Enters.*, 2002 WL 1978933 (Del. Super. Aug. 27, 2002)) (describing excusable neglect determinations under Rule 60(b)).
[37] *Dolan*, 707 A.2d at 36.
[38] *Drejka v. Hitchens Tire Serv.*, 15 A.3d 1221, 1224 (Del. 2010).
[39] *See Anticaglia v. Benge*, 2000 WL 145822, at *1 (Del. Super. Jan. 20, 2000) (stating "the effect of this Court not granting the [m]otion for an enlargement of time will be to preclude a subsequent

dismissed as a substitute for good cause,[40] nor can a plaintiff rely on lack of prejudice to a defendant.[41]

## V. DISCUSSION

In this case, it is clear there was neglect. The question is whether that neglect is excusable. In general, "[d]iligent efforts to comply with the Rule demonstrates excusable neglect, whereas delays resulting from half-hearted efforts by counsel to perfect service do not."[42] Delays resulting from "mistake or inadvertence of counsel" do not establish excusable neglect,[43] and mere negligence without a valid reason does not constitute excusable neglect.[44]

Plaintiff cites to *Jackson v. Minner*[45] in support of her argument that counsel's conduct constitutes excusable neglect.[46] In *Jackson*, Richard Jackson, an inmate in

---

cause of action against [defendant] by [plaintiff]"). *See also Ellis v. Davis*, 1997 WL 527941, at *5 (Del. Super. July 22, 1997) (holding good cause for an extension of service after the 120 days did not exist and dismissing the complaint after the statute of limitations had run).

[40] *Catholic Diocese*, 2010 WL 2106181, at *5 ("Stated another way, a plaintiff who did nothing at all to accomplish service could avoid the effects of the Rule merely by alleging prejudice, which would *always* arise from the dismissal of a defendant. Not only does the law in Delaware not allow prejudice to be the single guiding factor, but our decisional law does not excuse any non-compliance with the jurisdictional requirements on that basis alone, as to do so would effectively emasculate the Rule."); *see Doe v. Colonial School Dist.*, 2011 WL 7063682, at *2 (Del. Super. Sept. 30, 2011) ("'good cause,' not mere 'prejudice' is required.").

[41] *DeSantis v. Chilkotowsky*, 877 A.2d 52, 2005 WL 1653640, at *2 (Del. June 27, 2005) (TABLE) ("There is nothing in [Rule 4(j)] that excuses noncompliance when it is alleged that a defendant is not prejudiced by the failure of service.").

[42] *Anticaglia*, 2000 WL 145822, at *2 (citing *Ellis*, 1997 WL 527941, at *2).

[43] *Wass v. Calloway*, 1996 WL 190020, at *3 (Del. Super. Feb. 21, 1996) (citing *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987)).

[44] *Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011).

[45] 2011 WL 947069 (Del. Super. Mar. 17, 2011).

[46] Pl.'s Mot. ¶ 10.

10

the Sussex Correctional Institute in Sussex County, was being transported to a Board of Parole hearing at, what was then, the Delaware Correctional Center in Kent County.[47] Upon entering a transport van at the Delaware Correctional Center, Jackson fell to the ground and was injured.[48] Jackson brought negligence claims and attempted to serve the defendants, Department of Correction employees, at what he believed was their Sussex County office.[49] However, the defendants worked in Kent County, and the Sheriff of Sussex County was unable to serve them within 120 days.[50] The Court gave Jackson an additional 120 days to effect service.[51]

Although *Jackson* is similar to this case in that the plaintiff mistakenly believed that service was made, there are a few key differences. Plaintiff's counsel is an experienced attorney in a law firm with the resources and ability to verify that each stage of service of process has occurred in accordance with the Superior Court Civil Rules, and if an error or delay in service occurs, Plaintiff's counsel has the resources and ability to discover the error or delay within 120 days after the filing of the complaint and to immediately request an enlargement of time under Rule 6(b) "for cause shown." Jackson was a *pro se* prison inmate, not at liberty to research his

---

[47] *Jackson*, 2011 WL 947069, at *1.
[48] *Id.*
[49] *Id.* at *4.
[50] *Id.*
[51] *Id.*

11

defendants in order to properly direct service and unable to verify whether the Sherriff had successfully served the defendants.

Plaintiff also relies on *Fluharty v. Richeson*.[52] In *Fluharty*, the plaintiff filed a complaint against "Earl" Richeson, rather than "Karl" Richeson.[53] The Sheriff was unable to serve "Earl" Richeson at the address provided and returned the writ "non est."[54] The plaintiff then filed an amended complaint correcting "Earl" to "Karl" less than two months after the complaint was filed, but service was not perfected until 127 days after the filing, in part because there was roughly a six-week delay within the Sheriff's office.[55] The Court found that good cause existed specifically citing "the reasonable lapse of time in which the [p]laintiff acted to correct these errors and the [Sheriff's] delay in service."[56]

As with *Jackson*, there are several key differences between *Fluharty* and this case. Counsel in *Fluharty* noticed that an error was made when the Sheriff filed a Sheriff's return "non est," and counsel attempted to correct the error, all within 120 days after the complaint was filed. In this case, Plaintiff's counsel did not notice the error in service despite multiple events which should have alerted him to the lack of service in the Elisha Ballard Action.

---

[52] 1998 WL 283467 (Del. Super. Apr. 20, 1998).
[53] *Id.* at *1.
[54] *Id.*
[55] *Id.* at *1–2. (noting that the delay in service may have been a result of the holidays since the second praecipe was filed on December 3, 1997, but was not served until January 16, 1998).
[56] *Id.* at *2.

For sixth months, the only entry in the Elisha Ballard Action docket was the Complaint. The Prothonotary did not docket the issuance of any writs; the Sheriff did not file any Sheriff's Returns; Plaintiff's counsel did not file any proof of service on the non-Delaware Defendants; the Defendants did not file an answer or a motion to dismiss; and the Elisha Ballard Action was not noticed for the April scheduling conference. Even assuming Plaintiff's counsel reasonably mistook the repeat service in the Jerry Ballard Action for service in the Elisha Ballard Action, Plaintiff's counsel should have expected and anticipated that Defendants would respond to the Elisha Ballard Complaint in mid-February.[57] But, it was not until April 16, 2017—almost two months after the 120-day window for service had closed—that Plaintiff's counsel directed the paralegal to verify service on Takeda Pharmaceutical Company Limited in his Actos cases.[58]

Meanwhile, in the Jerry Ballard Action, service events were being docketed even though more than 120 days had passed since the filing of the Jerry Ballard Action and despite the fact that Defendants had already filed an answer.[59]

To find excusable neglect, the Court must find "neglect which might have been the act of a reasonably prudent person under the circumstances." In this case,

---

[57] *See* Super. Ct. Civ. R. 12(a) ("A defendant shall serve an answer within 20 days after service of process, complaint, and affidavit, if any, upon that defendant . . . .").

[58] Hr'g Tr. at 4:12–17.

[59] *See* Super. Ct. Civ. R. 12(h)(1) ("A defense of . . . insufficiency of service of process is waived . . . if it is neither made by motion under this Rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.").

13

the paralegal made a mistake when she confused the Jerry Ballard Action with the Elisha Ballard Action and requested writs for a second time in the Jerry Ballard Action. However, as the Court stated during oral argument, what is troubling in this case is not that a mistake occurred, but that there were multiple opportunities where counsel should have figured out that something had gone awry.[60]

At oral argument, Plaintiff's counsel expanded on his argument that his neglect is excusable by highlighting the fact that the Elisha Ballard and the Jerry Ballard Actions have "identical defendants, identical injuries, . . . identical spelling names and pronunciation . . . identical defense counsel."[61] This argument is unavailing. The similarity between the cases was known or should have been known to Plaintiff's counsel at the time he filed the Elisha Ballard Action.[62] A reasonably prudent attorney should and would have been sensitive to the possibility of confusion given the number of Actos cases and the fact that there were two Actos plaintiffs with the same last name.[63]

---

[60] *Id.*

[61] *Id.* at 4:3–8.

[62] *See* Del. Lawyers' R. Prof'l Conduct 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."); Del. Lawyers' R. Pro'l Conduct 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); Del. Lawyers' R. Prof'l Conduct 1.3 cmt. 2 ("A lawyer's workload must be controlled so that each matter can be handled competently.").

[63] *See* Del. Lawyers' R. Pro'l Conduct 5.3 ("With respect to a nonlawyer employed or retained by or associated with a lawyer: (a) a partner in a law firm . . . shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer; [and] (b) a lawyer having direct

14

In light of the foregoing, the question becomes whether Plaintiff's counsel's failure to timely discover that service had not occurred precludes a finding of good cause. This question was answered in *Desantis v. Chilkotowsky*.[64] In *Desantis*, the plaintiff filed a complaint on December 20, 2002.[65] On December 30, 2002, the plaintiff attempted to serve a "David Chilkotowsky" through the New Jersey Secretary of State.[66] However, the defendant David Chilkotowsky was a resident of Delaware, and the attempt at service failed.[67] No further action was taken by plaintiff until June 10, 2003, when the Prothonotary mailed a letter advising plaintiff that service must be made within 120 days of filing the complaint.[68] The plaintiff requested an enlargement of time, and the Court denied that request stating "although [p]laintiff had attempted to serve the incorrect [defendant] . . . through the Long-Arm Statute, no return receipt or affidavit were filed as an amendment to the complaint."[69] Thus, "it appears [p]laintiff should have been aware that service was not properly perfected."[70] In this case, as in *Desantis*, Plaintiff's counsel should

---

supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer . . . .").

[64] 2004 WL 1790113 (Del. Super. July 27, 2004), *aff'd*, 877 A.2d 52 (Del. 2005).

[65] *Id.* at *1.

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.* at *1.

have been aware that service was not perfected—at a minimum—when no service returns were filed.

As to Plaintiff's counsel's argument that Delaware public policy "favors permitting a litigant a right to a day in court" and Defendants will not be prejudiced if this Court enlarges the 120 day window,[71] the Court does not find that these considerations change the outcome under Rule 4(j). Public policy should not tip the balance unless there were sufficient diligent efforts on the part of Plaintiff's counsel to comply with the rule. This comports with the Court's statement in *Desantis* that "Rule 4(j) must be strictly construed unless plaintiff can establish good cause for its failure to comply."[72]

As to Plaintiff's prejudice argument, the Delaware Supreme Court has explained that "there is nothing in [Rule 4(j)] that excuses noncompliance when it is alleged that a defendant is not prejudiced by the failure of service."[73]

The record before the Court demonstrates that Plaintiff's counsel failed to act as a reasonably prudent attorney should and would have acted under the

---

[71] Pl.'s Mot. ¶¶ 9, 11 (quoting *Dolan*, 707 A.2d at 360).

[72] *Desantis*, 2004 WL 1790113, at *2. y construed unless plaintiff can establish good cause for its failure to comply." Similarly, when evaluating the Federal Rules of Civil Procedure, the Third Circuit has consistently held that the 120 day time limit of Rule 4(j) must be "strictly applied." *Catholic Diocese*, 2010 WL 2106181, at *5 (quoting *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d. Cir. 1987)).

[73] *Desantis*, 2005 WL 1653640, at *2; *see Miller v. State, Dep't of Public Safety*, 2009 WL 1900394, at *5 (Del. Super. June 16, 2009) (stating "the fact that a defendant would not be prejudiced by plaintiff's failure to serve is equally irrelevant in service of process issues or excusable neglect" (citing *Anticaglia*, 2000 WL 145822, at *2)).

circumstances. Therefore, Plaintiff's counsel has failed to show good cause, and the Elisha Ballard Action must be and is dismissed without prejudice.[74]

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Order Extending, for Cause, the Time Limit for Service of Process Under Rule 4(j) of the Superior Court Civil Rules is **DENIED**.

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

---

[74] *Ellis*, 1997 WL 527941, at *5 ("What happened here is unfortunate. One of the unhappy aspects of this job is rendering an opinion that neglect of counsel was not excusable, especially since we all commit errors. The Court should and does seek to decide cases on their merits. But a policy in favor of deciding cases on their merits does not permit either the parties or the Court to disregard the law of civil procedure and professional responsibility without colorable excuse. Plaintiffs bear the burden of showing that their failure to comply with the procedural requirements is excusable, and they have not met that burden here.").